FRISBIE *against* FOWLER and wife :

### IN ERROR.

2 707
74 63

THIS was an action of slander, brought by *Benjamin R. Fowler* and *Peggy Fowler*, his wife, against *Frisbie*, charging him with having " uttered and published, of and concerning the said *Peggy*, the following false, scandalous and malicious words, to wit, *she* (meaning the plaintiff) *is as common as the* New-York *whores, and has been kept as a mistress nine years ; and she may help herself, and be damned, for I can prove it.*" Another count stated the words thus : " *She* (meaning the plaintiff) *is a whore, and as common as any common whore in the streets ; and I have had to do with her, for nine years past, as often as I pleased ;* (meaning thereby that the defendant, for nine years past, had, as often as he pleased, unlawfully had carnal knowledge of the body of her, the plaintiff.") No special damages were alleged.

The plaintiffs obtained a verdict, with 1150 dollars damages ; and judgment being rendered accordingly, the defendant brought the present writ of error, assigning for error the insufficiency of the declaration.

*E. Huntington,* for the plaintiff in error, contended, that the words spoken were not actionable in themselves. He cited *Byron* v. *Elms, Comb.* 391. *Goscoigne & ux.* v. *Ambler,* 2 *Ld. Raym.* 1004. *Buys & ux.* v. *Gillespie,* 2 *Johns. Rep.* 115. *Brooker* v. *Coffin,* 5 *Johns. Rep.* 188.

The counsel for the defendants in error were stopped by the Court.

Words charging a woman with a violation of chastity, are actionable in themselves.

*New-Haven,*
November,
1818.

Frisbie
*v.*
Fowler.

SWIFT, Ch. J.   It is true, that in *England*, to charge a woman with a breach of chastity—as to charge her with being guilty of adultery, or fornication, or to call her a whore—is not actionable, except by custom in *London*, without stating and proving special damage ; because these are not offences punishable by the common law, but only in the ecclesiastical courts, where the party injured by such charges must seek redress.   But as by the laws of this state, the breach of chastity, in every form—from adultery to mere lascivious carriage—is punishable by statute,(a) the consequence has been, that these charges have become words actionable in themselves.   This point has been repeatedly decided, and may be considered to be settled law in this state.

HOSMER, J.   The words spoken by *Frisbie*, impute the crime of adultery to Mrs. *Fowler*, and are alleged to have been uttered falsely and maliciously.   This charge, if true, would subject her to an indictment for a crime involving moral turpitude.   By the common law of this state, (to her honour be it spoken,) words imputing to a woman, whether she is married or single, a violation of chastity, are in themselves actionable.

No objection is perceived, to the sufficiency of the requisite allegations, or the regularity of the proceedings.

The judgment of the superior court, therefore, is unquestionably correct.

The other Judges were of the same opinion.

Judgment affirmed.

(a) From the earliest period of our government, adultery has been, by statute, an indictable offence, and subject to severe punishment.   It was, for some time, a capital crime ; the punishment was then altered to whipping, burning on the forehead with the letter *A.*, and wearing a halter ; and lastly, by the act of *May Session* 1816, it was altered to imprisonment—the man in new-gate, the woman in a common gaol,—from two to five years.   Incest and polygamy are crimes punishable with equal severity.   Fornication and lascivious carriage expose the offenders to corporal punishment ; which, it ought to be remarked, however, is seldom, if ever, inflicted.  *R.*