## MARY KENNENBERG vs. NELLIE A. NEFF.

Second Judicial District, Norwich, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

It is within the discretion of the court to permit an amendment of the
complaint after the commencement of the trial.

Words imputing a breach of chastity to. a woman are slanderous *per se*.

The defendant charged the plaintiff, an unmarried woman, with being
a certain man's "slut." *Held* that this involved a charge of a
breach of chastity upon her part, and therefore the words were ac-
tionable *per se*.

Where the words spoken are actionable of themselves, it is immaterial
what a witness understood or supposed them to mean.

Argued May 29th—decided July 23d, 1901.

ACTION to recover damages for slander, brought to the
Superior Court in New London County where a demurrer to
the complaint was overruled (*Elmer, J.*) and the case was
afterwards tried to the jury before *George W. Wheeler, J.*;
verdict and judgment for the plaintiff for $800 damages, and
appeal by the defendant for alleged errors in the rulings and
charge of the court. *No error.*

This was an action for slander. The complaint on which
the trial was had was as follows: "1. On August 25th, 1898,
and at the time of the speaking of the words hereinafter com-
plained of, it was naturally understood between the defend-
ant and the persons who heard the words, that the plaintiff
had been for a long time going about with and keeping the
company of one Frederick West, and that she was at that
time his sweetheart and promised wife. On said day, at New
London, the defendant spoke in the hearing of Mary Durvin
and others, concerning the plaintiff and her said relations
with the said Frederick West, the following words: 'It is a
pity, if I can't come up the street without being insulted by
Westy's (said Westy's meaning Frederick West's) old slut,'
meaning the plaintiff. 2. The defendant meant thereby, and
the persons who heard said words understood that she meant
thereby, that the plaintiff had repeatedly committed forni-

cation with said West. 3. Said words were false and malicious."

The case was tried upon the general issue joined to the jury. The plaintiff had a verdict, and the defendant has appealed to this court.

*Hadlai A. Hull,* with whom was *William F. M. Rogers,* for the appellant (defendant).

*Abel P. Tanner* and *Charles B. Waller,* for the appellee (plaintiff).

ANDREWS, C. J. After the trial had commenced the court permitted the plaintiff to amend her complaint. This was clearly within its discretion. It appears that at the time the defendant took no objection, nor did she ask for any delay. We think she cannot now claim that there was error.

It is well established that any words imputing to a woman a breach of chastity are actionable as charging slander, without any further averment. *Frisbie* v. *Fowler,* 2 Conn. 707; *Page* v. *Merwin,* 54 id. 426, 434; *Pollard* v. *Lyon,* 91 U. S. 225.

The court instructed the jury that the words used by the defendant did charge the plaintiff with unchaste conduct. He said: "Calling a woman 'slut' is not actionable in itself, but charging her with being some man's slut involves a charge of a breach of chastity on her part, and is equivalent to charging her with being his mistress, and is, therefore, actionable *per se.*"

We think this was correct. Reading the words charged in the light of the colloquium as set forth in the complaint, they say that the plaintiff sustained to Frederick West, not the pure relation of a young woman looking forward to an honorable marriage, but a meretricious relation under the cover of which she was submitting to such practices as are carried on between a slut and the male creature of its own species. Such words are certainly actionable of themselves.

The larger part of the reasons of appeal are based on this

ruling of the court, and as this ruling was correct those reasons do not show any error.

The plaintiff introduced one Barbara Allen as a witness, who testified to the words used by the defendant. The plaintiff's counsel then asked her : " Will you state what you understood was the meaning ? " The witness answered. The defendant objected to the answer, but the court allowed it to stand. No objection was made to the question.

Granting that both the question and the answer were improper, we think no harmful error resulted. As the words were actionable of themselves, what the witness understood to be their meaning was of no consequence.

Certain expressions used in the charge, when separated from their connections, may perhaps seem improper, but taking the whole together we think the court did not go beyond its province in expressing an opinion of the evidence. The material question was properly left to the jury.

There is no error.

In this opinion the other judges concurred.