BATTISTA DeSANTO *vs.* ANTONIO DeNICOLA.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Words imputing to a woman a breach of chastity are actionable *per se.*
A complaint alleging that the defendant called the plaintiff a "bum," unless coupled with an explanation by way of *innuendo* that the word was used to describe a lewd woman or prostitute, is demurrable. But if no demurrer be interposed, and no objection be made to the introduction of evidence to prove that the epithet was used with its actionable meaning, as found by the trial court, it is too late for the defendant to object, in this court, to the absence of the proper *innuendo* in the complaint.

DeSanto *v.* DeNicola.

A demurrer may be addressed to one of several alleged slanderous words or epithets in a complaint.

A judgment should specially recite the facts upon which it is predicated.

Argued October 23d—decided November 17th, 1923.

ACTION to recover damages for slander, brought to and tried by the City Court of New Haven, *Hoyt, J.;* facts found and judgment rendered for the plaintiff for $100, and appeal by the defendant. *No error.*

*Louis Sperandeo,* for the appellant (defendant).

*James A. Morcaldi,* for the appellee (plaintiff).

WHEELER, C. J. The complaint alleged that the defendant spoke, in the presence of others, in Italian, the following words, the complaint giving the Italian words and also what purports to be an English translation, viz: "Go on, you are a whore, you are a bum, both you and Battista DeSanto, and you can go and tell her so."

Words imputing to a woman a breach of chastity are actionable *per se,* without further averment. *Kennenberg* v. *Neff,* 74 Conn. 62, 63, 49 Atl. 853. To charge one with being a whore, falls within this category. Charging one with being a "bum" is not actionable *per se,* unless by *innuendo* its explanation brings it within this class. *Camp* v. *Martin,* 23 Conn. 86, 92. The defendant could not demur to the complaint as a whole, but might have demurred to the charge of being a bum. Practice Book, p. 287, § 194. Without an *innuendo* the demurrer must have been sustained; and the plaintiff would then have been obliged to amend by explaining its meaning if in fact that would bring it within this class, as the plaintiff claims. The defendant did not take this course, but permitted the

DeSanto *v.* DeNicola.

plaintiff to introduce evidence of the meaning of the term "bum" as used in the Italian language concerning a woman. In other words, the defendant waived the failure of the plaintiff to allege in the complaint by *innuendo* the meaning of "bum," and failed to except to the introduction of evidence of the meaning of this term in Italian. The court has found that the translation of the words used is: "You are a bum, you and Battista DeSanto, go and tell her"; that "the word *bomma* translated literally means bum"; and "when spoken in Italian and used in reference to a woman, means a lewd woman, a street walker, a prostitute." So that under this finding the appellation of bum in reference to a woman is a slanderous charge *per se.* As such it would require no explanation, no *innuendo,* were it not for the fact that the word has different meanings, and unexplained, its meaning is ambiguous or equivocal. "But if the words are ambiguous, and the *innuendo* limits them to a particular meaning, the plaintiff must prove that the words were used with that meaning." 1 Swift's Digest (Ed. 1849) p. 644.

The defendant now claims that no recovery can be had in this action because of the absence of an *innuendo* in the complaint. The claim cannot be sustained. The finding after judgment interprets the complaint. The defendant is late in making his claim. The judgment, finding the issues in favor of the plaintiff, does not correspond with the finding made; the judgment should have specially recited the facts upon which it was predicated. As no error is assigned for this cause, the judgment must stand. The other claims do not require consideration.

There is no error.

In this opinion the other judges concurred.