[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action tried to this court on April 25 and 26 and May 2, 1995, Olivia and Thomas C. McKone, III, seek to recover from the State of Connecticut, Department of Health Services, damages for emotional damages sustained when they were notified of a positive test report for Chlamydia which test, in fact, was negative.
It is found that on April 2, 1992, Olivia McKone had a routine gynecological examination at the Bureau of Family Planning, an agency of the City of Hartford. As part of this examination a pap smear was taken and sent for testing to the laboratory of the defendant, State of Connecticut, Department of Health Services. On April 7, 1992, John Carolus, the supervisory biologist of the defendant laboratory orally reported the test result to Joan Peterson, nurse practitioner at the Bureau of Family Planning, as positive when in fact the test result was negative. The error was caused by an inadvertent linear mis-alignment of information on a summary sheet of various test results being transmitted orally that date. There was at that time no system of checking the accuracy of this oral transmission of such test results. The information that the test result was positive was first transmitted by Peterson to Olivia McKone by telephone at CT Page 5288 approximately 10:00 a.m. on the morning of April 8 and thereafter to Olivia and Thomas McKone in person at approximately 11:00 a.m. that day. In both conversations, Peterson explained that Chlamydia was a venereal disease which could be communicated only by sexual intercourse. At the 11:00 a.m. meeting, Peterson strongly discouraged a suggestion by the McKones for re-testing claiming that positive test results had proven to be highly reliable in the past, that a new test even if it had a negative result would not be conclusive and that prompt treatment was desirable. Peterson strongly suggested that the disease could only have been contracted by Olivia McKone as a result of either Olivia or Thomas McKone having had sexual intercourse with a third party, and prescribed antibiotic medication for both.
On April 9, Peterson received the written test result from the Bureau of Family Planning, noted that it was negative and telephoned Olivia McKone at approximately 11:00 a.m. and Olivia McKone shortly thereafter notified Thomas McKone that the test was negative.
 I.
General Statutes § 19a-24 permits a civil action for damages in excess of one thousand five hundred dollars against the Commissioner of Public Health "on account of any official act or omission."
 II.
A claim for emotional damages caused by negligence has been recognized by our Supreme Court in a number of decision.Montinieri v. Southern New England Telephone Co., 175 Conn. 345
(1978); Morris v. Hartford Courant, 200 Conn. 676 (1986);Crochiere v. Enfield Board of Education, 227 Conn. 333 (1993);Barrett v. Danbury Hospital, 232 Conn. 242 (1995); Kilduff v.Adams. Inc., 219 Conn. 314 (1991). These cases, collectively establish the right of a plaintiff to recover for unintentionally caused emotional distress without proof of an ensuing physical injury provided that it is proven that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress might result in illness or bodily harm.
It is found that the error in the oral reporting of a CT Page 5289 positive test for Chlamydia without some back-up cross-check was negligent and that defendant should have realized that such a mistake involved an unreasonable risk of causing emotional distress based on the evidence that the disease is almost certainly transmitted through sexual intercourse.
In the case of innocent parties like the plaintiffs, such information would be likely to have a severe impact on them. Connecticut has long recognized that in defamation actions, charging a woman with sexual intercourse outside of marriage (breach of chastity) is serious and actionable. Frisbee vs.Fowler, 2 Conn. 707 (1819). A leading California case has held that a physician's erroneous diagnosis of syphilis and its probable source would produce discord and resultant emotional distress to a married plaintiff and her spouse.Malien v. Kaiser foundation Hospitals, 27 Cal.3d 916,616 P.2d 813, 817 (1980). The Restatement (Second) of Torts § 572 states "One who publishes a slander that imputes to another an existing venereal disease is subject to liability without proof of special harm" cited with approval in Pope,Connecticut Actions and Remedies — Tort Law, Butterworth, 1993 § 10.02.
It is further found that in the circumstances of the plaintiffs such emotional distress might result in illness, even though the plaintiffs did not seek medical care. Although the actions of the nurse practitioner, Peterson in steadfastly rejecting any suggestion for a re-test of Ms. McKone and her positive assertion of third party involvement might have aggravated the emotional impact on the plaintiffs we find that this was not such a superseding cause to break the chain of causation between the defendants' act of negligence and the emotional damages to the plaintiffs.
 III.
In the interval between 10:00 a.m. on April 8 and 11:00 a.m. on April 9, both Mr. Mrs. McKone suffered severe emotional damage because they had been married in a church ceremony for over seventeen years, were parents of children then aged seventeen and fifteen years old and had a strong faith in each others marital fidelity which was severely tested as they were forced to confront the almost certain fact that one of them had had sexual intercourse with a third person. There was an initial period of harsh accusations and CT Page 5290 mutual recriminations followed by a breakdown of communication and an overnight of separate sleeping arrangements. Both plaintiffs felt that night that their previously happy marriage was close to breaking down and Thomas McKone characterized that day as the "worst" in his life. Although the children were not told of the test result, their presence in the home undoubtedly added to the discomfort and embarrassment of the plaintiffs. The residual effect of this disturbance and tortured conduct toward each other remained with the plaintiffs in diminished force for at least six months after revelation of the mistake in communication of the test result. While there was no medical or psychiatric treatment, it is found that the plaintiffs suffered significant emotional damage as a result of the defendants negligence, and that the fair, reasonable and just amount of such damages is $4,500.00.
The parties have stipulated that any verdict in favor of the plaintiffs could be found collectively in their favor.
Judgment is entered in favor of the plaintiffs for $4,500.
Wagner, J.