ROBERT E. CAREY *vs.* WATSON S. WOODRUFF.

Third Judicial District, Bridgeport, April Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Although an epithet which is slanderous *per se* may be so controlled by the context and the attendant circumstances as to lose its primary significance, yet the question of whether it does so or not in a given case is ordinarily one of fact for the determination of the jury; and it can only become a question of law for the court when all the material facts are known and undisputed, and the resultant meaning and effect of the language is clear and unambiguous.  And this principle applies even where the defamatory words are in writing.

In the present case the issues were whether the defendant, in addition to asserting that the plaintiff had embezzled about $200 of his, the defendant's, money, had also called him a "thief," and, if he had, whether that epithet could reasonably be construed under the circumstances as imputing anything more than embezzlement. *Held* that the trial court properly left it to the jury to determine whether the defendant had used the word "thief" at all, and if he had, then to determine, from the context and attendant circumstances, whether a hearer of common and reasonable under-

Carey *v.* Woodruff.

standing would suppose that he intended to charge the plaintiff with the crime of theft as a separate and distinct offense from that of embezzlement.

Argued April 13th—decided June 10th, 1915.

ACTION to recover damages for slander, brought to the Superior Court in New Haven County and tried to the jury before *Williams, J.;* verdict and judgment for the plaintiff for $200, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

*Robert J. Woodruff,* for the appellant (defendant).

*Ezra C. Terry,* for the appellee (plaintiff).

BEACH, J. The complaint is in one count, and in the first paragraph alleges that the defendant said of and concerning the plaintiff: "I told him (meaning the plaintiff) he (meaning the plaintiff) was a thief and a liar and he (meaning the plaintiff) knew it"; and in the third paragraph that the defendant said, concerning the plaintiff: "He (meaning the plaintiff) embezzled about $200 from us and I could put him behind the bars and he knew it."

The defendant denies these allegations, and for a second defense alleges that the plaintiff had been employed by S. D. Woodruff & Sons, a copartnership of which the defendant Watson S. Woodruff was a member, as an agent to sell seeds and fertilizers for them, and to collect pay for the same, and that in August, 1906, the plaintiff collected for the defendants the sum of $133.70, and embezzled the same. All the allegations of the second defense are denied by the reply.

It appears from the finding of the court that this action was tried to the jury, together with a certain other action then pending in said court for the publication of an alleged libel, in which action the same

Robert E. Carey was plaintiff and the partners of the firm of S. D. Woodruff & Sons were defendants. In this latter action the jury returned a verdict for the defendants, and from a copy of the pleadings therein, attached as an exhibit to the finding, it appears that the libel complained of was in the form of a letter charging the plaintiff with the same embezzlement concerning which the alleged slanderous words contained in paragraph three of the complaint were spoken. As the defendants at the trial of the libel suit admitted the publication of the alleged libel and defended solely on the ground of justification, it is claimed that the jury must have founded their verdict for the defendants in that case on the ground that the defendants were justified in charging the plaintiff with embezzlement in substantially the same words as are alleged to have been used by this defendant, Watson S. Woodruff, who was also one of the defendants in the libel suit; and, therefore, that the verdict against this defendant in the slander suit can only be explained on the theory that the jury must have found that he not only charged the plaintiff with embezzlement, but also that he called him a thief as alleged in the first paragraph of the complaint. It is admitted that the defendant had no justification for charging the plaintiff with theft or larceny as distinguished from embezzlement, and the whole basis of this appeal is the claim that the words used by the defendant, assuming that he did call the plaintiff a thief, were so used as to convey nothing more than a charge of embezzlement, and that the trial court erred in several portions of his charge in which he adverted to the possibility that the jury might find that the word "thief" was used so as to be understood as charging the plaintiff with the independent offense of theft. In substance, the defendant's assignments of error are all based on the proposition that the trial

court should have charged the jury, as matter of law, that the words used by the defendant could not reasonably be understood as charging the plaintiff with a theft as an offense separate and distinct from an embezzlement.

We think this claim cannot be sustained. The defendant did not admit uttering the slander as alleged in the complaint, but in his answer denied these allegations *in toto* and in his testimony admitted that he called the plaintiff an embezzler, but denied that he called him a thief, while the plaintiff's witnesses testified that the defendant called the plaintiff both an embezzler and a thief. So far as there was any conflict of testimony as to the words used, the case was not an appropriate one for the application of the rule that the question of libel or no libel is for the court, because the jury were required first to determine what words were spoken by the defendant, before the question of whether they imputed the specific offense of theft could arise. Moreover, if the record sufficiently discloses what words the jury found to have been uttered, it does not sufficiently show how and in what connection they were spoken. It appears from the finding that the plaintiff claimed to have proved that the defendant spoke in the hearing of witnesses of and concerning the plaintiff the following words: "He (meaning the plaintiff) embezzled about $200 from us, and I could put him behind the bars and he knows it. He (meaning the plaintiff) is a thief and a liar and he knows it." If both of these sentences above quoted were spoken continuously, without pause and without any intervening remark by the defendant, or by anybody else, there would be much force in the claim that they referred only to the one fact of the embezzlement. But we cannot tell from this record whether the jury found that they were so spoken or not. Only the

claims of the parties as stated in the finding are before us. Assuming that the jury found that the slanderous words were spoken by the defendant exactly as stated in the finding above quoted, there is nothing in the finding which informs us whether it was or was not conceded that these words, if spoken, were spoken continuously.

The trial court charged the jury on this point in the following words: "Now, words spoken are to be given their natural and ordinary meaning, and are to be taken and understood in the sense which hearers of common and reasonable understanding would ascribe to them. If it is apparent from the context and attendant circumstances that no more was meant or intended by the words used than that the plaintiff was an embezzler, then special damages must be shown to justify recovery on account of the use of the word 'thief,' if you find it was so used. No special damage, however, is alleged or proven."

By this portion of the charge the court left it to the jury to determine, in the first instance, whether the defendant used the word "thief" at all, and if they so found, to determine from the context and attendant circumstances whether the defendant so used the word "thief" that a hearer of common and reasonable understanding would suppose that he intended to charge the plaintiff with the crime of theft as a separate and distinct offense from that of embezzlement. This, we think, was a proper charge, if not the only proper charge, under the circumstances appearing on this record.

If a written libel is expressed in terms so clear and unambiguous that no circumstances are required to make it clearer than it is of itself, the question of libel or no libel is one of law to be determined by the court. *Donaghue* v. *Gaffy*, 54 Conn. 257, 266. Spoken words,

Carey *v*. Woodruff.

however, leave no record which speaks for itself as to the words used, or their context, or the manner in which they were uttered; and the rule in *Donaghue* v. *Gaffy* is not often applicable to a slander suit. In this case, for example, the whole force of the defendant's argument on appeal depends on the assumption that the words attributed to the defendant were spoken continuously and so that they obviously charged only an embezzlement, in respect of which the defendant's words were true and justifiable. But on this record it does not appear whether or not such was the admitted effect of the evidence, or whether the jury has or has not so found the fact, or whether or not the trial court was bound to anticipate that the jury might so find the fact. An epithet slanderous *per se* may be so controlled by the context and the attendant circumstances as to lose its primary legal significance. *Yakavicze* v. *Valentukevicious*, 84 Conn. 350, 80 Atl. 94. But that is ordinarily a question for the jury, and it can only become a question of law for the court when all the material facts are known and undisputed, and the resultant meaning and effect of the language is clear and unambiguous.

There is no error.

In this opinion the other judges concurred.