MARIA VENTRESCA *vs.* NATALIA KISSNER.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

Words claimed to be slanderous are to be given their natural and ordinary meaning and to be understood in the sense which hearers of common and reasonable understanding would apply to them.

Ventresca *v.* Kissner.

Where the meaning of such words is not apparent upon their face, it is for the jury to determine what it was.

The office of an innuendo is to explain the utterance so as to make clear upon the face of the complaint the slanderous significance claimed for it, and to. direct or confine its application in the particular case.

Words may be slanderous *per se,* taken in the sense in which common and reasonable minds would understand them, even though an innuendo is required to make clear their purport.

Words imputing a breach of chastity to a woman are slanderous *per se.*

The trial court charged the jury that the words spoken by the defendant of the plaintiff—"she is a bad woman, she runs around with her boarders"—were susceptible of the meaning asserted in the innuendo, viz., that the plaintiff was an adulteress. *Held* that, by returning a verdict for the plaintiff, who offered no proof of special damage, the jury must be assumed to have found that this was the sense in which the words would commonly be understood.

The defendant also said that the plaintiff "is a thief, she steals vegetables from my garden." *Held* that it was unnecessary to decide whether this utterance would have been slanderous *per se* had it related to a taking of growing vegetables, since the jury might reasonably have found from the evidence that the defendant meant that the plaintiff stole vegetables already severed from the soil which, even under the common law, constituted a theft.

Where the utterance is slanderous *per se,* the plaintiff, without proof of special damage, is entitled to substantial compensation for such injury to his reputation and feelings and for such mental suffering as may naturally be presumed to have followed from the accusation, and, if actual malice may be inferred from the circumstances, to exemplary damages limited to the expenses of litigation less taxable costs.

In assessing exemplary damages, the expenses of litigation other than that of the present action cannot be included.

Argued October 26th, 1926—decided January 28th, 1927.

ACTION to recover damages for alleged slanderous statements spoken by the defendant concerning the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *Error and new trial ordered nisi.*

*Thomas R. Robinson* and *Kenneth Wynne*, with whom, on the brief, was *Ernest L. Isbell*, for the apellant (defendant).

*Joseph V. Esposito* and *Alfred E. DeCapua*, for the appellee (plaintiff.).

MALTBIE, J.  This is an appeal from a judgment for the plaintiff in an action based upon certain slanderous statements alleged to have been made by the defendant.  The plaintiff recovered a verdict of $500, and the defendant appeals from the denial by the trial court of her motion to set the verdict aside.  There is little, if any, proof of special damages, and if the verdict is to be sustained it must be because the plaintiff was entitled to recover general damages.  The slanderous words were to the effect that the plaintiff "is a bad woman."  "She runs around with her boarders."  "She is a thief."  "She steals vegetables from my garden."

To the portion of this utterance which charges the plaintiff with being a bad woman and with running around with her boarders, the plaintiff attaches an innuendo to the effect that thereby the defendant meant that the plaintiff was a lewd and dissolute woman and an adulteress.  The defendant claims that this portion of the utterance was not slanderous *per se*, in that it required an innuendo to make clear its meaning, and hence that it would not be actionable in the absence of proof of special damage.  Words claimed to be slanderous are to be given their natural and ordinary meaning and to be understood in the sense which hearers of common and reasonable understanding would ascribe to them; and where their meaning is not apparent upon their face it is for the jury to determine what it was.  *Carey* v. *Woodruff*, 89 Conn.

304, 308, 94 Atl. 281; *Donaghue* v. *Gaffy,* 54 Conn. 257, 266, 7 Atl. 552; *Tuttle v. Bishop,* 30 Conn. 80, 84. An innuendo cannot extend that meaning, its office being to explain the utterance so as to make clear upon the face of the complaint the slanderous significance claimed for it, and to direct or confine its application in the particular case. *Stow* v. *Converse,* 4 Conn. 17, 35; *Mix* v. *Woodward,* 12 Conn. 262, 285; *Camp* v. *Martin,* 23 Conn. 86, 92. Whether or not an utterance is slanderous *per se* depends, not upon the necessity of an innuendo to make clear its purport, but upon the nature of the charge embodied in it, taking it in the sense in which common and reasonable minds would understand it. Odgers on Libel & Slander (4th Ed.) pp. 372, 377; Newell on Slander & Libel (3d Ed.) §§ 1011, 1012. As the trial court charged the jury, the utterance in question was capable of the meaning asserted in the innuendo, and upon this motion the jury must be assumed to have found that that was the sense in which the words would commonly be understood. As a charge of breach of chastity against the plaintiff, the utterance was of course slanderous *per se.* *Kennenberg* v. *Neff,* 74 Conn. 62, 63, 49 Atl. 853.

The remaining portion of the utterance, somewhat variously stated by different witnesses, was to this effect: "She is a thief." "She steals vegetables from my garden." Whether, if this were to be interpreted as a charge that the plaintiff made off with growing vegetables from defendant's garden, the utterance would be slanderous *per se,* we need not inquire. The jury might reasonably have found that the defendant intended to charge the plaintiff, not with stealing growing vegetables, but with stealing vegetables which had been already severed from the soil, so that the harvesting and the asportation did not constitute a continuous act. *Darling* v. *Clement,* 69 Vt. 292, 296,

37 Atl. 779; *Lee* v. *Crump,* 146 Ala. 655, 658, 40 So. 609. Such an offense would, even under the ancient strictness of the common law, constitute a theft. 2 Swift's Digest, 310. An accusation of theft is, of course, slanderous *per se.* *Williams* v. *Miner,* 18 Conn. 464, 473; *Yakavicze* v. *Valentukevicious,* 84 Conn. 350, 80 Atl. 94.

The plaintiff was therefore entitled to recover, without proof of special damage, substantial compensation for such injury to her reputation and feelings and for her mental suffering, as it is natural to presume she suffered from the accusation. *Craney* v. *Donovan,* 92 Conn. 236, 102 Atl. 640; *Hassett* v. *Carroll,* 85 Conn. 23, 37, 81 Atl. 1013. The circumstances were such that the jury might well have inferred actual malice, and consequently the plaintiff was also entitled to recover exemplary damages, not exceeding the expenses of the action less taxable costs. *Craney* v. *Donovan* and *Hassett* v. *Carroll, supra.* The expenses of the action were testified to be $100. Regarding the nature of the charges against the plaintiff, and having in view the exemplary damages which might be allowed, the verdict could not be said not to be reasonably supported by the evidence, or so excessive in amount as to require that it be set aside.

The appellant complains that the charge was such as to create the impression that it was necessary for the jury to award substantial damages to the plaintiff if they found that the words alleged had been spoken; if so, that is not error, for it follows from what we have said that the law would presume some damage to the plaintiff from the utterance of the words, and the trial court was careful to tell the jury that they might find the injury to the plaintiff not to be serious and, that, if they did so find, they should proportion their award to that injury. The appellant also complains that the

trial court did not charge the jury that it was their duty to assess damages solely from the point of view of compensation for injury done; the court did not state this to the jury in so many words, but the tenor of the charge was such that they could not have taken the law to be otherwise.

The final complaint of the appellant is that the trial court failed to instruct the jury that in awarding exemplary damages the expense of litigation other than that of the present action should not be considered. The occasion for any such charge grew out of testimony by the plaintiff that she had incurred legal expenses of $200 in a former unsuccessful prosecution for the same slander, and $100 for the present one. The trial court merely charged the jury that, if they found such facts as would justify the award of exemplary damages, these should be limited to the proper and ordinary expenses of the plaintiff in conducting the litigation, less the sum she would in any case receive as taxable costs. The failure of the trial court to refer specifically to the testimony as to the expenses of the former action was no doubt an inadvertence, for which counsel for the appellant are somewhat to blame, in that they failed to object to the testimony, or to request a charge with reference to the matter. Nevertheless, in the absence of directions from the court, the jury could not be reasonably expected to distinguish the expense of the former action from that incurred in connection with the present one, and to the extent that the verdict might have been affected by this omission on the part of the trial court, the judgment must be held erroneous. As the amount by which the verdict would be so affected can be definitely fixed, a *remittitur* will serve the ends of justice.

There is error, and a new trial is ordered unless the plaintiff within one month enters a *remittitur* for

$200 of the amount of the judgment; but if such *remittitur* be entered, the judgment shall thereupon as to the residue stand affirmed; the costs of this court to be taxed in either event in favor of the appellant.

In this opinion the other judges concurred.