[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike all twelve counts of the complaint, which allege cause of action for libel and slander per se and per quod. In the complaint the plaintiffs allege that the defendant issued several press releases in which they stated that the plaintiffs engaged in criminal and tortious activities in the conduct of their business, including allegations that the plaintiffs conspired to commit acts of criminal extortion against the defendants and that the plaintiffs conspired to commit criminal acts of mail fraud, wire fraud, and common law fraud. The complaint further alleges that the defendants held a news conference during which they CT Page 10024 made the same allegations as were contained in the aforementioned press releases. As a result of the press releases and press conference, the defendants' allegations against the plaintiffs were published in various newspapers including the New York Times, Hartford Courant and The Commercial Record.
The defendants advance four arguments in support of their Motion to Strike. First, they claim that the complaint is insufficient because it does not directly attribute specific defamatory words to each of them. The defendants rely on Zeller v. Mark, 14 Conn. App. 651, 542 A.2d 752 (1988). In Zeller, the complaint was stricken not because it failed to attribute defamatory words to the defendant, but because the alleged defamatory language did not rise to the level of slander per se. In this case the allegations, if proved, would constitute libel and/or slander. Therefore, the first argument is insufficient to support a Motion to Strike.
The defendants next argue that the allegations of libel and slander are subject to a privilege and, therefore, fail to state a cause of action. This argument is based on the defendants' assertion that the alleged defamatory statements were contained in a lawsuit and are absolutely privileged. However, the complaint does not allege that defamation resulted from statements contained in a lawsuit, but rather from statements published in press releases and at a press conference. Moreover, it is well established that privilege is an affirmative defense in a defamation action and must be specially pleaded by the defendant. Miles v. Perry, 11 Conn. App. 584,529 A.2d 199 (1987). The complaint cannot be stricken on this ground.
The defendants' third argument is that the complaint is insufficient because it appears "on the face of the complaint" that plaintiff Arthur Anderson is a former public official and, therefore, is required to allege actual malice to sustain his defamation claims. The complaint does not allege that Anderson was a public official, nor can that inference reasonably be drawn from facts alleged in the complaint. Moreover, as more fully set forth below, the court finds that the plaintiffs have sufficiently alleged actual malice to state a cause of action even if Anderson is found to be a public official.
Finally, the defendants argue that if the complaint is not CT Page 10025 stricken in its entirety, then all claims for relief other than those for actual damages should be stricken. They contend that claims for general damages cannot be supported in the absence of an allegation that the plaintiffs made a written demand for retraction pursuant to Connecticut General Statutes 52-237. That statute provides:
 In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in fact or that the defendant, after having been requested by him in writing to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved.
On its face 52-237 applies only to libel, and not to defamation actions involving slander. Miles v. Perry, 11 Conn. App. 584,606, 529 A.2d 199 (1987). The statute does not require a request for a retraction where the plaintiff alleges malice in fact. Miles v. Perry, supra; Corbett v. Register Publishing Co., 33 Conn. Sup. 4, 7 (1975); Corsello v. Emerson Bros., 106 Conn. 127, 137 A. 390 (1927).
For defamation purposes "malice" includes any improper or unjustifiable motive. It does not require proof of spite or ill will. Corbett v. Register Publishing Co., supra; Bleich v. Ortiz, 196 Conn. 498, 504, 493 A.2d 236 (1985). Actual malice is shown where the defendant utters a defamatory statement with knowledge that it is false or with a reckless disregard of the truth or falsity of the fact stated. Moriarty v. Lippe,162 Conn. 371, 387, 294 A.2d 326 (1972); Hogan v. New York Times Co., 211 F. Sup. 99 (D.Conn. 1962), aff'd 313 F.2d 354 (2d Cir.).
The plaintiffs have alleged that the defendants knew or should have known that their statements accusing the plaintiffs of criminal and tortious wrongdoing were false and misleading and that the defendants made the defamatory statements with malice and "for the purpose of generating publicity favorable to them and for causing the plaintiffs severe financial, professional and personal harm and embarrassment. These allegations, if proven, are sufficient to establish malice in fact for the purpose of recovering general damages under CT Page 1002652-237.
The complaint also alleges that oral statements made by the defendants were slanderous per se, in that they were calculated to cause injury to the plaintiffs in their profession or business. Statements accusing a plaintiff of theft have been consistently held defamatory per se. Miles v. Perry, supra at 602; Battista v. United Illuminating Co., 10 Conn. App. 486,497-93, 523 A.2d 1356 (1987); Yavis v. Sullivan, 137 Conn. 253,259, 76 A.2d 99 (1950); Ventresca v. Kissner, 105 Conn. 533,537, 136 A. 90 (1927). The alleged slanderous statements in this case accused the plaintiffs of criminal extortion, mail fraud, wire fraud, conspiracy and racketeering. Such statements are at least as likely, if not more likely, to cause damage to the plaintiffs in their business or profession and are, therefore, defamatory per se.
For the foregoing reasons, the Motion to Strike is denied.
Aurigemma, J.