[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Elbert Harris, Jr. brings this defamation action CT Page 7955-Y contending that the defendant Charles Deafenbaugh slandered him. The plaintiff alleges in his complaint that in April, 1991 the defendant stated in the presence of others that, "The word on the street is that he (the plaintiff) was involved in a murder." The plaintiff contends that this statement is slanderous per se.
The defendant acknowledges that he may have made a statement to the plaintiff which was similar in substance to the plaintiff's allegation. In his two special defenses, however, the defendant contends first, that the statement was not slanderous as a matter of law and secondly, that the statement was substantially true.
In April, 1991 the plaintiff was hired by the New Haven Board of Education as a custodian at Roberto Clemente School. The defendant is the Director of Staff Placement, Evaluation and Development for the New Haven Board of Education. Several days after the plaintiff began work in his new job, he received a letter from the defendant informing him that he was suspended from work and that a pre-termination hearing was scheduled. At an informal meeting prior to the hearing, three people met — the CT Page 7955-Z plaintiff, the defendant and Attorney Clifton Graves, Jr. Graves came to the meeting at the plaintiff's request. He was a friend of the plaintiff's who hoped to mediate between the parties; he was not acting as the plaintiff's attorney.
At the meeting Deafenbaugh indicated that he was concerned about whether the plaintiff Harris had been truthful in tilling out his employment application. He then stated that he had heard that Harris had been involved in a murder. It is this statement, spoken in the presence of Graves, which gives rise to this action.
The plaintiff contends that the defendant's statement was slanderous per se in that it charged the plaintiff with a crime involving moral turpitude. Murder and voluntary manslaughter have been found to be crimes involving moral turpitude. Drazen v. New Haven Taxicab Co., 95 Conn. 500, 507 (1920). The plaintiff did not offer evidence of any special damages resulting from this statement. In a case of slander per se, the plaintiff is entitled to recover general damages for injury to his or her reputation, which is presumed without any evidence of actual damages. Ventresca v. Kissner, 105 Conn. 533, 537 (1927); Miles v. Perry, 11 Conn. App. 584, CT Page 7955-AA 602 (1987). The plaintiff here seeks only general damages.
The defendant's first special defense alleges that the defendant's statement that he had heard that the plaintiff was involved in a murder is not slanderous per se. The defendant's legal argument on this point was not fully explained. Apparently, however, the defendant contends that because the statement was that he "had heard" that the plaintiff was involved in a murder, it was not an accusation by the defendant himself and therefore not slander per se. This claim, however, fails to recognize that by repeating what he had heard, the defendant republished the statement and became liable for general damages by doing so. "[O]ne who republishes defamatory material is liable to the same extent as the original publisher (in the absence of privilege)." Connecticut Law of Torts, 2d Ed., Wright and Fitzgerald, Section 149. The Comment to Restatement, Second, Torts, 578 provides the following illustration: "A states to B that he has heard that C is a felon." The Comment then concludes, "A is subject to liability to C." The defendant does not escape liability by phrasing the statement as something he had heard. CT Page 7955-BB
The defendant's liability as a republisher of a defamatory statement is dispositive of the defendant's second special defense as well. The second special defense alleges that the statement made by Deafenbaugh was substantially true, in the sense that the defendant had indeed heard a rumor that the plaintiff Harris had been involved in a murder. No evidence was presented at trial that the plaintiff Harris had ever been involved in a murder. Therefore, the defendant was republishing a statement which was false and defamatory and truth is not a defense.
The defendant also contended in his final argument that Deafenbaugh's statement to Harris in the presence of Graves was a privileged statement. Counsel for the defendant claimed that the defendant enjoyed a qualified privilege because he was conducting an informal investigation to determine the accuracy of what he heard. The court agrees that the defendant's statement very likely was privileged. However, the defendant failed to raise privilege as a special defense in the pleadings. (See Connecticut Law of Torts, 2d Ed., Wright and Fitzgerald, Section 155, concerning the necessity of pleading privilege as a special defense.) CT Page 7955-CC Moreover, defendant's counsel failed to move to amend the pleadings to include a special defense of privilege even after the court noted that it had not been raised by special defense. Accordingly, the court cannot enter judgment for the defendant on the grounds of privilege. The court must enter judgment for the plaintiff.
The amount of general damages to be awarded to the plaintiff for presumed damage to his reputation requires a fuller consideration of the facts. The plaintiff Elbert Harris, Jr. came to Connecticut in 1989 from New York, where he had just been released from prison after being incarcerated for sixteen years. The plaintiff had been convicted of three counts of robbery and armed robbery and served three sentences concurrently, two for seven years each and the third for eight to twenty-five years. After coming to New Haven he worked a maintenance job and some odd repair jobs before taking a civil service examination. He was hired by the New Haven Board of Education as a custodian and began work at Roberto Clemente School. His hostility toward the defendant, who functions as the director of personnel for the Board, was obvious as he testified. He testified about his earliest contact CT Page 7955-DD with the defendant. When hired, Harris had asked the defendant if he could defer his reporting date in order to take a one-week vacation which was pre-paid. The defendant denied his request.
The plaintiff denied being arrested for or convicted of murder, although he admitted that he had been questioned in connection with a homicide. The fact that the plaintiff is a three-time convicted felon weighs heavily in the court's consideration of appropriate general damages.
A second consideration in determining general damages is the minimal extent of publication of the slanderous statement. It was published to only one person, Attorney Graves. Graves was aware of Harris' criminal record, but claimed in his testimony that hearing Deafenbaugh's statement impaired Graves' relationship with Harris despite Harris' denial of the accuracy of the statement. Harris himself testified that when he told his wife what the defendant said, and further told her that it was not true that he was involved in a murder, his wife was skeptical. He further testified that his relationship with his wife worsened thereafter. The court did not credit the testimony of the plaintiff or of Graves CT Page 7955-EE concerning the consequences of the defendant's statement. A final consideration in determining an amount of damages is the source of the defendant's information that the plaintiff had been involved in a murder. The defendant contended that it was Harris himself who started the rumor. In support of that contention the defendant called a co-worker of Harris' who very credibly testified that Harris told him while they were on the job that he had served time in New York for robberies and that he had also been involved in a murder connected with one of the robberies. The co-worker's testimony was corroborated by two other credible witnesses to whom the co-worker spoke at the time Harris made the statement. Harris later took the stand and denied making such a statement. The court did not believe Harris' testimony.
Having considered all the facts, the court enters judgment for the plaintiff for $10.00 general damages. Punitive damages are not appropriate and are not awarded.
Vertefeuille, J. CT Page 7955-FF