[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendants, Michael Lotto and BIC Corporation, have moved to strike certain counts of the complaint. Specifically, defendant Lotto has moved to strike the second, third and fourth counts of the plaintiff's third amended complaint on the ground CT Page 12147 that each of these counts fails as a matter of law to state a cause of action. Defendant BIC Corporation has moved to strike the same three counts plus counts five and eight. Though only defendant Lotto's motion was printed on the short calendar, all parties agreed that BIC's motion to strike should be heard at the same time. This court will therefore decide both motions.
Standard of review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton,212 Conn. 138, 142; Benson v. Housing Authority, 145 Conn. 196,199 (1958). Facts necessarily implied by the allegations of a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465, 471 (1991);Ferryman v. Groton, 212 Conn. 138 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v. Peoples' Bank,219 Conn. 464, 71; Senior v. Hope, 156 Conn. 92, 97-98 (1968).
Second Count
In the second count of her complaint, as amended, the plaintiff alleges that defendant Lotto, her supervisor in the shipping department at BIC Corporation, made and published to her co-workers demeaning and defamatory statements which she claims constituted "slander per se" (Third Amended Complaint, Count Two, para. 9). Both Defendants assert that the statements alleged to have been made by defendant Lotto are not, as a matter of law, actionable defamation per se and that this count should therefore be stricken as failing to state a cause of action.
The plaintiff has characterized the Second Count of her complaint as one raising a claim of defamation per se.
Specifically, the plaintiff alleges that
 almost every day during 1990, defendant Lotto repeated and published personal, intrusive, CT Page 12148 demeaning and defamatory statements about the plaintiff in front of co-workers at the break table and at other times, concerning plaintiff's personal and professional life, physical habits and appearance, and sexual and moral characteristics, including:
 a) that there was a big, black sweaty truck driver on the dock and that from now on all of the black drivers were for me [sic] because they were her kind of people;
 b) that the only reason she and her husband were married so long was because her husband worked the day shift and she worked the night shift so he didn't have to put up with her;
 c) asked why Plaintiff never changed her clothes;
 d) asked why Plaintiff always wore the same shirt;
e) that her boots weren't becoming to a woman;
 f) that her clothes were too tight and she was putting on too much weight;
 g) that she should walk alongside her forklift instead of driving it so that she could take off that weight;
h) that she was too old to have children;
 i) that she paid too much money for her haircut;
 j) that she was not dressed as a woman should be dressed;
 k) that, after she commented to her co-workers that she didn't graduate from high school, that's why she was so CT Page 12149 stupid;
 l) why Plaintiff didn't take a bath before she put her clothes on;
m) why does she always wear that tee-shirt.
In responding to the Defendants' motions to strike, the plaintiff acknowledges that a cause of action for slander per se, that is, slander actionable without the need to prove actual damages, is limited under Connecticut law to a very few kind of statements which are recognized as so likely to cause damages that no actual proof of damage is required: 1) commission of a crime involving moral turpitude; 2) infection with a loathsome disease; 3) incompetence in business, trade or profession, 4) imputation of unchaste character. Wright Fitzgerald, and Ankerman, Connecticut Law of Torts § 147 (3d ed. 1991); Moriarityv. Lippe, 162 Conn. 371 (1972).
Under Connecticut Law, words of abuse that charge specific bad acts or constitute "general abuse" are not within the four categories identified above. Moriarty v. Lippe, 162 Conn. 371,385; Zeller v. Mark, 14 Conn. App. 651, 655 (1988).
In response to the defendants' motion, and apparently recognizing the limitations of Moriarty, the plaintiff has narrowed her claim to a single one of the alleged slanderous statements by defendant Lotto: "a) that there was a big, black sweaty truck driver on the [loading] dock and that from now on all of the black truck drivers were for me [sic] because they were her kind of people."
The plaintiff asserts that the words "for her" meant that she would be sexually interested in the persons described and that such a statement constituted an allegation that she was unchaste and sexually active outside her marriage. The defendants assert, unpersuasively, that Lotto's statement should be taken as a comment on the plaintiff's racial tolerance rather than on her sexual availability. The Appellate Court in Miles v. Perry,11 Conn. App. 584, 603 (1987) noted that words claimed to be libelous should not be enlarged by innuendo but "must be accorded their common and ordinary meaning." For purposes of a motion to strike, the court finds that the plaintiff has accurately identified the ordinary meaning of the statement at issue and that the allegation that defendant Lotto made this statement is CT Page 12150 sufficient to allege a cause of action sounding in slander per se
because the statement asserts that the plaintiff is unchaste. SeeVentresca v. Kissner, 105 Conn. 533, 536 (1927); Clauss v.Schofield, 4 CSCR 557 (1989).
The defendants argue that an allegation of unchastity as to a married person should no longer be cognizable as slander per se
because of the decriminalization of adultery in Connecticut. General Statutes § 53a-81, which made adultery a crime, was repealed by P.A. 91-19 § 2. The movants contend that it was the criminal nature of unchastity, not the moral issue, that made a claim of unchastity actionable as slander per se and that this court should ignore the historic recognition of the harm of such an allegation and instead apply "modern meanings and morals." Since adultery still has serious consequences under other laws, notably, the standards concerning fault in dissolution of marriage, General Statutes § 46b-40, this court declines the invitation to abandon longstanding tort law without guidance from Connecticut Supreme Court.
All of the other statements set forth at paragraph 6 of the second count of the third amended complaint constitute verbal abuse of a general nature that is not actionable as slander perse. The motion to strike of Defendant Lotto is granted as to all allegations of slander per se in the second count except the one alleged at paragraph 6(a), discussed above.
Defendant BIC Corporation has also moved to strike the claims of slander per se made against it by the plaintiff in the second count. The plaintiff has not claimed that the alleged statement about her sexual availability was made by defendant Lotto acting on behalf of defendant BIC Corporation; rather, the claims against BIC in the second count are 1) that BIC failed to order Lotto to cease such comments "thereby condoning said acts and conduct and adopting them as its own." (Second Count, para. 11) and 2) that BIC falsely told all employees in the shipping department that a complaint had been made about offensive and vulgar language at the break table and chastised employees.
BIC claims that the second claim is not actionable as slanderper se. This court finds that advising other employees of the plaintiff's complaint about abusive language at the break table does not fall within any of the categories held to be actionable as slander per se. BIC's motion to strike that claim is therefore granted, as is its motion to strike the claim that it is liable CT Page 12151 for the alleged slanderous statement of defendant Lotto, since the plaintiff has failed to allege agency or authorization.
Third and Fourth Count
In the third count of her third amended complaint, the plaintiff alleges that the defendants violated her privacy and gave unreasonable publicity to her personal and private matters by the repeated comments about her hygiene, intelligence, marital relationship and personal tastes in clothing and hair styling.
In the fourth count, the plaintiff asserts that the defendants put her in a false light.
The Connecticut Supreme Court recognized a cause of action for violation of a right to privacy in Goodrich v. WaterburyRepublican-Americans, Inc., 188 Conn. 107 (1982). The Court noted that the basic right "to be let alone" is violated by four types of intrusion: a) unreasonable intrusion upon the seclusion of another; b) appropriation of another's name or likeness; c) unreasonable publicity given to the other's private life; or d) publicity that unreasonably places the other in a false light before the public. Goodrich v. Waterbury-Republican-American,Inc., 188 Conn. 128.
In commenting on the plaintiff's hygiene and relationship with her husband, the plaintiff does not assert that defendant Lotto suggested that he actually possessed any private information about her, but only that he made remarks which, on their face, suggested that he was conjecturing or speculating about her hygienic preparations for coming to work and her relationship with her husband. Neither the cases cited by the plaintiff nor the Restatement of Torts nor any Connecticut case suggests that such utterances give rise to a claim for violation of privacy in any of first three varieties of that claim enumerated in Goodrich, though they may, of course, support other causes of action. The motion to strike the third count is therefore granted as to both defendants.
In the fourth count, the plaintiff alleges that the statements of Lotto and the statements of BIC's manager about a complaint of offensive and vulgar language puts the plaintiff in a false light, one of the varieties of invasion of privacy recognized in Goodrich. CT Page 12152
The Supreme Court noted in Goodrich, 188 Conn. 131, that
 The essence of a false light privacy claim is that the matter published concerning the plaintiff (1) is not true . . . and (2) is such a "major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position. [citation omitted].
The defendants base their argument in part upon a claim that the comments made were, as a matter of law, not misrepresentations. While a claim of putting a person in a false light may be defended by an attempt to establish that the light is instead a true one, see Goodrich, 188 Conn. 131-32, such a finding cannot be made in the context of a motion to strike. Claims of inadequate intelligence and hygiene and of a loveless marriage are depictions that may be found to have reasonably been expected to cause offense to a reasonable person.
The motion to strike these claims against defendant Lotto is denied. The plaintiff has not alleged that Lotto's statements were made as an agent for BIC, and the motion to strike the fourth count is therefore granted as to BIC. The alleged statements of BIC's managers concerning a report of vulgar and offensive language do not state a cause of action. The making of such reports is acknowledged by the plaintiff (Third Amended Complaint, second count, para. 10), and advising others that a complaint had been made cannot be found to have cast the plaintiff in a false light. Accordingly the motion to strike is granted as to all claims against BIC stated in the fourth count.
Fifth Count
In the fifth count of her third amended complaint, the plaintiff alleges numerous acts of harassment and criticism by defendant Lotto and claims that Defendant BIC failed to require Lotto to cease such treatment of the plaintiff and failed to remove him as her supervisor, thereby condoning the continuation of the conduct toward her. The plaintiff alleges that the defendant then or should have known that this situation would cause her emotional distress and that the distress has resulted in mental, emotional and physical harm to her (Third Amended Complaint, Fifth Count, paras. 14, 15). CT Page 12153
Defendant BIC claims that the Worker's Compensation Act, General Statutes §§ 31-275-355a, supplies the exclusive remedy to the plaintiff and has moved to strike the fifth count on that basis.
Defendant BIC acknowledges that § 31-284(a) does not preclude a worker's cause of action for intentional torts because the Connecticut Supreme Court has recognized an exception: the statutory bar applies "unless the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 106 (1994).
Defendant BIC asserts that the exception for intentional torts is limited to intentional assaults, apparently because theJett v. Dunlap, 179 Conn. 215, 217 (1979) concerned an assault. The discussion of Jett in Suarez suggests no such limitation of the exception to intentional assaults, but suggests that any
intentional tort by the employer remains actionable to avoid misuse of the bar of § 31-284(a).
BIC is, however, on sound ground in its alternative argument, which is that the complaint must be of an intentional tort by the employer, and not such a tort by a supervisor acting on his own and not as the alter ego of the employer. As the Supreme Court noted in Suarez, 229 Conn. 106,
 In Jett, we recognize the distinction between the actor who is "merely a foreman or supervisor" to which attribution of corporate responsibility for his or her conduct is inappropriate, and the actor who "is of such a rank in the corporation that he [or she] may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity," to which attribution of corporate responsibility is appropriate.
The Court noted in Suarez that the plaintiff in Jett had not alleged that the employer directed or authorized the conduct at issue but only that it condoned the conduct after the fact. The Court explained that since the injury resulted not from the employer's subsequent ratification of the conduct but from the supervisor's tort, the Court had held that the condonation was CT Page 12154 not an intentional tort and did not "relate back." Suarez,229 Conn. 107.
The intentional tort at issue in Jett is described in that case, Jett v. Dunlap, 179 Conn. 216, as an isolated incident in which a supervisor insulted and then struck the plaintiff employee. The ruling does not suggest that the plaintiff's employment continued after the incident and that he continued to be subjected to harassing behavior by the supervisor after reporting it to the employer.
The plaintiff in the case before this court alleges, in effect, that the employer left her under the supervision of a person who was continually subjecting her to abuse after she complained of such treatment and that this course of conduct, not the initial incident, constituted an intentional tort.
In Suarez, 229 Conn. 112, the Supreme Court noted that it was inappropriate to decide the issue of intentional injury as a matter of law upon a motion for summary judgment, because issues of intent must be decided in the context of facts and are "best left to the jury." The plaintiff has sufficiently alleged that defendant BIC left her in a situation of abuse after she had made complaint, and this court does not find, as a matter of law, that the plaintiff has failed to state a cause of action for an intentional tort not barred by the Worker's Compensation Act.
The motion to strike the fifth count is denied.
Eighth Count
In the eighth count, the plaintiff claims that defendant BIC negligently inflicted emotional distress upon her by failing to prevent defendant Lotto's alleged conduct. This claim of negligence is subject to the bar of the Worker's Compensation Act. General Statutes § 31-284(a).
The plaintiff does not claim that any exception exists to allow the claim made in this count.
The motion to strike the eighth count is granted.
Conclusion
 Second Count. Motion to strike granted as to all allegations CT Page 12155 of slander per se except that alleged in paragraph 6a as to defendant Lotto; the motion is denied as to that claim and granted as to all slander defamation claims of this count as to defendant BIC.
Third Count. Motion to strike granted as to both defendants.
Fourth Count. Motion to strike denied as to defendant Lotto, granted as to defendant BIC.
Fifth Count. Motion to strike denied.
Eighth Count. Motion to strike granted.
Beverly J. Hodgson Judge of the Superior Court