[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
The plaintiff brings this action against his former employer, Bender Plumbing Supplies, Inc., and its officer, Norman Bender, claiming that he was terminated as a result of his absence from work due to a work-related injury. CT Page 8535
In the First Count of his complaint he sues the corporate defendant only alleging a violation of Connecticut General Statutes § 31-290
(a) which prohibits an employer from terminating an employee as a result of the employee exercising his or her rights under the Workers' Compensation Act.
In the Second Count of the complaint the plaintiff alleges slander against both the corporate and individual defendants. The plaintiff claims that Norman Bender told prospective employers of the plaintiff that he was fired for making numerous workers' compensation claims and for destroying equipment.
In the last count of the complaint the plaintiff alleges that Norman Bender made such false statements intentionally and seeks punitive damages.
The defendants move for summary judgment as to Count Two of the complaint on the grounds that any statements made by Norman Bender or any other representative of the corporation were true. Norman Bender also moves for summary judgment on all counts on the ground that any action taken by him were performed in his capacity of a corporate officer.
As to the First Count the plaintiff has agreed in open court on the record that the First Count, although ambiguous, is not directed to Norman Bender individually.
As to the Second Count, the defendants attach a partial transcript of the plaintiffs deposition in which he essentially states that one Donna Gentile, a prospective employer, spoke with someone at Bender Plumbing and was told that the plaintiff had "several" accidents in which he damaged company vehicles and that he had filed "several" workers' compensation claims while at Bender Plumbing. That same transcript indicates that the plaintiff had a "couple" of accidents where he damaged company vehicles and had filed a "couple" of workers' compensation claims.
Thus the defendants claim that anything that was said by Someone at Bender Plumbing to Gentile was true and they cannot form the basis of a slander claim.[1]
The court agrees with the defendants that the plaintiff cannot prevail on his slander claims unless he can prove that the statements made by or on behalf of the defendants were indeed false. The defendants claim "couple" is synonymous with "several" and thus such statements were true. CT Page 8536
In the court's view "couple" is not necessarily synonymous with several. In fact both Webster's New Third International Dictionary andthe Random House Dictionary define "several" as "more than two and fewer than many." The accepted meaning of "a couple" of course is two.
Words which are claimed to be slanderous per se are to be given their natural and ordinary meaning and where their meaning is not apparent on their face it is for the trier of fact to determine what it was.Ventresca v. Kissner, 105 Conn. 533, 535 (1927).
What was intended by the use of the word "several," if indeed that word was used, and what impression was sought to be conveyed by its usage in the context of the plaintiffs suitability for employment appears to be an issue of fact. While this may be a difficult case for the plaintiff to prove it is not suitable for summary judgment.
As to the Second and Third Counts of this complaint the defendant Norman Bender also claims that he is entitled to judgment because any actions taken by him were in his capacity of an officer and employee of Bender Plumbing of New Haven, Inc. and thus he cannot be held individually liable. "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduff v.Adams, Inc., 219 Conn. 314, 331-332 (1991).
The defendants' motion for summary judgment is therefore denied.
By the Court,
Bruce W. Thompson, Judge.