[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #112 MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action by way of a Revised Complaint Dated April 27, 2001. She alleges in said complaint that she is a resident Middletown and at all times relevant hereto, she was permitted to carry a handgun in the state of Connecticut. The defendant, Jane Karen is an agent, servant and employee of the defendant, New Britain General Hospital (hereinafter NBGH).
In January 1999, the plaintiff was enrolled as a student at Southern Connecticut State University pursuing a degree in social work. As a part of her degree requirements, she enrolled in a volunteer internship program at the defendant, NBGH's facility. On January 29, 1999, the defendant, Karen discovered that the plaintiff had a handgun at the aforementioned facility. The defendant then informed the plaintiff that the defendant NBGH had regulations that prohibited bringing firearms on the premises.[1] Later that same day, security officials for NBGH demanded possession of the firearm and escorted the plaintiff off of the premises.
The plaintiff alleges that the defendant Karen:
 . . . "[S]tated to at least one third party, Becky Chase, an employee at the Hospital, that Ms. Golia `showed a defect in character by bringing a gun into the hospital, and if she had such poor judgment in that then Jane Karen was unwilling to let Ms. Golia see clients because she could not be trusted to show good character with the Hospital's clients and patients'."
(See First Count paragraph 13, of the Complaint.)[2]
The plaintiff asserts that the statement made by the defendant Karen was CT Page 13759 defamatory per se in that:
 . . . [I]t accused Ms. Golia of lacking skill and integrity in connection with her internship at the Hospital and in her chosen profession of social work, and was of such a nature that it was calculated to cause injury to Ms. Golia in her chosen profession of social work.
(Complaint, First Count, paragraph 13.)
The Second Count of the Complaint is directed at the defendant NBGH and provides that the defendant Karen made the subject statements in her capacity as an employee of and the Director of Social Services at NBGH in furtherance of the business affairs of the Hospital.
The Third Count of the Complaint concerns an alleged self-republication of the allegedly defamatory statement to an employee of NBGH.
The Fourth Count of the Complaint concerns an alleged self-republication of the allegedly defamatory statement to individuals at the Department of Social Work at the Southern Connecticut State University.
The plaintiff alleges in the complaint that as a result of the defendants' actions and inaction, she was caused to suffer from emotional distress, embarrassment, anxiety, humiliation, injuries and damages.
On April 16, 2002, the defendants filed a Motion for Summary Judgment asserting:
 1. The statements made by Jane Caron are conditionally privileged.[3]
2. The statements published as absolutely privileged.
 3. The self publication counts should be dismissed for the same reason as the other counts.
The defendants have moved for summary judgment. The case law concerning the requisites to obtain a favorable decision on a motion for summary judgment provides that:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted CT Page 13760 show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Upon listening to counsel during the oral argument of the instant motion, and examining the pleadings, this Court comes to the conclusion that there is no dispute that the defendant Karen had made a statement that the reason that the plaintiffs internship was terminated was the plaintiffs bringing a firearm onto the premises of the defendant NBGH and that she showed poor judgment by doing so. However there is some dispute between the parties as to whether defendant Karen, said that the plaintiff "showed a defect in character by bringing a gun into the hospital . . .
The plaintiff in this matter alleges that she was injured by the defendant's for reason that certain oral statements made by the individual defendant named in her Complaint defamed her.
CT Page 13761
 Defamation is comprised of the torts of libel and slander. Defamation is "that which tends to injure "reputation' in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against him." W. Prosser W. Keeton, Torts (5th Ed. 1984), p. 773. Slander is oral defamation. This court has delineated specific categories of speech deemed actionable per se where "the defamatory meaning of [the speech] is apparent on the face of the statement. . . ." Battista v. United Illuminating Co., 10 Conn. App. 486, 491-92, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987). It is a well established principle that an accusation of theft is slander per se. See Ventresca v. Kissner, 105 Conn. 533, 537, 136 A. 90 (1927).
 "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiffs reputation. He is required neither to plead nor to prove it. . . . The individual plaintiff is entitled to recover, as general damages, for the injury to his reputation and for the humiliation and mental suffering which the [defamation] caused him." (Internal quotation marks omitted.) Lyons v. Nichols, 63 Conn. App. 761, 768
(2001).
 Devito v. Schwartz, 66 Conn. App. 228, 234 (2001).
The defendants assert that the statements in question are not actionable for reason that "they are not defamatory as they are factually true or opinion and caused no pecuniary loss."
Although the defendants herein assert that the plaintiff has not produced any evidence or affidavits to support her allegation of damages, the law in this state is well-settled that in actions sounding in an action sounding in slander per se the plaintiff need not show special damages, however his or her recover will be limited to a recovery of general damages. Moriarty v. Lippe, 162 Conn. 371, 382-83 (1972).
 There are several categories of slander which are actionable per se. See id., 383-84; D. Wright J. Fitzgerald, Connecticut Law of Torts (2d Ed.) 147. CT Page 13762 The plaintiff has pursued this case on the theory that only one of those categories is applicable, namely, "that a [slander] is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." Moriarty v. Lippe, Supra, 384; see also Miles v. Perry, 11 Conn. App. 584, 602, 529 A.2d 199 (1987). "Under this category, spoken words are not slanderous per se if they charge no more than specific acts, unless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity." Proto v. Bridgeport Herald Corporation, 136 Conn. 557, 567, 72 A.2d 820 (1950).
 Zeller v. Mark, 14 Conn. App. 651, 654 (1988).
The motion before the Court is a Motion for Summary Judgment, as was previously stated herein, in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. QSP, Inc. v. The Aetna Casualty Surety Co., Supra. The defendants assert in their version of the facts that the defendant Karen statements were based on the actions of the plaintiff and that she merely opined that bringing a gun to the hospital was poor judgment (See Memorandum in Support of Motion for Summary Judgment, p 14.) The plaintiff however asserts that the subject statements went further than what the defendants assert, i.e., that:
 . . . Within days of my termination, both Deborah Siegal and Connie Mendell repeated words to me that were used in the separate phone conversations they each had with Jane Caron. According to both of them, Jane Caron questioned how they could allow me to continue in the Social Work program at the University. Then she further told them that my lack of judgment and defective character make me unsuitable to serve professionally as a social worker (my career choice). (emphasis added)
See Affidavit in Opposition to Defendants' Motion for Summary Judgment at p. 2 ¶ 6).
The moving parties assert that whereas this action sounds in defamation by slander it is not actionable for reason that the subject statements concerned the plaintiffs specific acts: CT Page 13763
 Spoken words are actionable per se only if they charge a general incompetence or lack of integrity. They are not slanderous per se if they charge no more than specific acts . . .
 Proto v. Bridgeport Herald Corporation, 136 Conn. 557,567 (1950).
However, Proto goes on to provide that:
 . . . [U]nless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity. (emphasis added)
 Proto v. Bridgeport Herald Corporation, Supra.
There are genuine issues of material fact as to whether the individual defendant's alleged statements concerning the plaintiffs act of bringing the firearm onto the NBGH's premises constituted an act so charged as to amount to an allegation concerning the plaintiffs competence to continue in the social work program or to become a social worker.
For all of the foregoing reasons, the Motion for Summary Judgment is denied.
 ___________________ Richard Allan Robinson, J October 30, 2002