## CAMP *vs.* MARTIN.

Words spoken of a physician, charging him merely with ignorance or misconduct, in the treatment of a particular case, are not actionable in themselves; but they become so, if, in addition, they convey the charge of general professional ignorance or incompetency, or want of integrity.

Where, however, special damage, arising from the speaking of such words, is alleged and proved, they become actionable.

In an action of slander, the declaration, after alleging that the plaintiff, as a practicing physician, had visited and prescribed for Sarah M., averred that the defendant falsely and maliciously said of the plaintiff, that his treatment of her was rascally,—but contained no averment, which varied the ordinary and popular meaning of these words, or showed the particular circumstances under which they were uttered, and no special damage was alleged: held, that such declaration was insufficient.

The case of *Sumner* v. *Utley*, 7 Conn. R., 257, commented on, and shown to be reconcilable with the above principles.

THE plaintiff, who was a physician, brought his action of slander, against the defendant, which was tried at the term of the superior court holden at Litchfield, in November, 1853.

The declaration contained two counts. In the first, the plaintiff averred that the defendant, falsely, wickedly and

maliciously, spoke, of and concerning the plaintiff, in his profession of a physician, and of and concerning his treatment, and professional attendance, the false, scandalous and malicious words following, *viz.:* " If Dr. C. had continued to treat her, she would have been in her grave before this time; his treatment of her was rascally;" meaning, "that the plaintiff's professional treatment to the said Sarah M. was such that, had it been continued, it would have caused her death prematurely, from the ignorance, corruption and unskillfulness of the plaintiff."

The alleged slanderous words in the second count were, " Your treatment of her was rascally;" with an innuendo that " the defendant meant to charge the plaintiff with being guilty of base, dishonest, and vile conduct towards the said Sarah M. in his treatment of her, as her physician aforesaid, and that the plaintiff was a low, vile person, and unworthy of public confidence."

The declaration then averred, that the plaintiff was thereby greatly injured in his good name, credit, and reputation, as such physician, and otherwise, and brought into public scandal, infamy, disgrace, contempt and ridicule; and, by reason of the committing of the said grievances by the defendant, divers persons, from thence, wholly refused to have any transaction, acquaintance or discourse with the plaintiff, as they were before used and accustomed to have, and otherwise would have had; and the plaintiff was, by means of the premises, greatly injured in his said profession and business, and otherwise; all of which, &c.

The defendant pleaded the general issue, with notice.

The jury having rendered a verdict in favor of the plaintiff, the defendant moved for an arrest of judgment, for the insufficiency of the declaration; and also moved for a new trial, for a misdirection of the jury. But, as the case was decided on the questions arising on the motion in arrest, a detail of the facts upon which the latter motion was founded, is unnecessary.

*J. H. Hubbard* and *Sedgwick*, in support of the motion in arrest, contended,

1. That the declaration was insufficient to uphold the verdict, inasmuch as it contained no averment of any special damages. The law permits a physician to recover damages, for words falsely published, in derogation of his general reputation as a practitioner, without proof of special damage, on the ground that some damage must *necessarily* accrue in such case. But, for a misrepresentation of his practice in a particular case, he may recover such special damage as he can prove he has sustained, provided he lays the foundation for it, by an appropriate averment in his declaration. The words alleged in the plaintiff's declaration are limited, by the innuendo, to a particular case, and no extrinsic circumstance is stated, to authorize their application to the general reputation of the plaintiff. *Vanvecher* v. *Hopkins*, 5 Johns. R., 211, 223. *Foot* v. *Brown*, 8 Johns. R., 64. *Poe* v. *Mondford*, Cro. Eliz., 620. *Frieze* v. *Linder*, 3 Bos. & P., 372. *Mix* v. *Woodward*, 12 Conn. R., 262. *Sumner* v. *Utley*, 7 Conn. R., 257.

2. That the principle contended for by the defendant, was not within the ruling of the majority of the court, in the case of *Sumner* v. *Utley*, 7 Conn. R., 257, where several acts of gross and willful malpractice were charged upon the plaintiff, in distinct instances, from which the court could see, that damages must necessarily result. The words in the plaintiff's declaration may have had an innocent meaning, and have been used, by the speaker, in reference to a system of practice, or mode of treatment. No ignorance, unskillfulness, or specific act of malpractice, is imputed to the plaintiff thereby ; and they do not import such scandal as will justify a verdict for the plaintiff, in the absence of injury.

*Hollister* and *Graves*, contra, contended,

1. That it was not necessary to allege, or prove, special damage, to entitle the plaintiff to recover. This can not be

done without great difficulty, and the law holds men respon-
sible,. for the reasonable and natural effect that ordinarily
follows, and may be expected to follow, from any malicious
conduct. Our supreme court has recently settled this ques-
tion, in the case of *Sumner* v. *Utley,* 7 Conn. R., 257.

2. That the slander, as proved and charged in the declara-
tion, discloses (in connection with other evidence in the case)
a purpose of the defendant, to break down the professional
character of a physician, from wicked motives. The charges
come clearly within the rule, as established by the court, in
*Sumner* v. *Utley.*

Storrs, J. The question, on the motion in arrest of judg-
ment in this case, is, whether the declaration is sufficient,
and that depends on the question, whether the words alleged
to have been spoken by the defendant, fall within the rule
which renders words actionable, that tend to the prejudice of
a person, in his profession, trade, or business. No special
damage to the plaintiff is alleged in the declaration, and the
enquiry therefore is, whether the words laid are actionable,
in themselves.

On an examination of the authorities, we think it is clear,
that, to charge a physician merely with mismanagement in
the treatment of a particular case, is not, of itself, actionable.
Such a charge implies nothing more than ignorance or
unskillfulness in that case, and does not materially affect his
reputation, as it respects his general competency to practice
in his profession. The most eminent physician may mistake
the symptoms or treatment of a particular case, without
detracting from his general professional skill or learning. To
say of him, therefore, that he was mistaken in that case,
would not be calculated to impair the confidence of the com-
munity in his general professional competency. In the lan-
guage of the supreme court of New York, in *Foot* v. *Brown,*
8 Johns. R., 64, " To carry the right of action so far as to
sustain a suit for words, charging a professional man with

ignorance in a particular case, "would be unnecessary for the protection of any profession, and would be an unreasonable check upon the freedom of discussion." In that case, the court say, that there is not an instance, in the books which they have met with, of a suit sustained for such a charge. Our investigation has led us to the same conclusion. It has, however, been strenuously urged, by the plaintiff's counsel, that the rule on this subject was extended in the case of *Sumner* v. *Utley*, 7 Conn. R., 257, so as to render a charge of ignorance or unskillfulness in a particular case, actionable. We think that the court, in that case, so far from varying the rule, as we have given it, clearly intended to sanction it; and that that case was decided for the plaintiff, not on the ground, that the words charged imputed to him merely ignorance or a want of skill, in the particular case respecting which they were spoken, but that, by a fair construction of them, they amounted to an imputation upon him, of a want of general professional knowledge and skill. That a charge of the latter description would be, in itself, actionable, there was not any question. The division between the members of the court did not arise from any difference of opinion, as to the principles of the law of slander, but only as to the application of those principles to the words laid in that case. The question on which they differed was, whether the words there charged, imputed to the plaintiff general incompetency, or only ignorance or unskillfulness, in the particular case alluded to. All the judges admitted, that the words were actionable, or not, according as they did, or did not, impute to the plaintiff, ignorance or incompetency generally, in his profession. The dissenting judge thought, that they did not amount to such an imputation, and on this point only, differed from the majority of the court. That there was no diversity of opinion, as to the legal principles applicable to the case, is quite obvious, from the language of Hosmer, C. J., in expressing the opinion of the court. He says, "I readily admit, that falsehood may, be spoken of a physi-

cian's practice in a particular case, ascribing to him only such want of information and good management as is compatible with great general knowledge and skill in his profession, and that, when such a case arises, unless some special damage exists, his character will be considered as unhurt, and no damages will be presumed. But, on the other hand, it is indisputably clear, that a calumnious report concerning a physician, in a particular case, may imply gross ignorance and unskillfulness, and do him irreparable damage. A physician may mistake the symptoms of a patient, or may misjudge as to the nature of his disease, and even as to the power of a medicine; and yet his error may be of that pardonable kind, that will do him no essential prejudice, because it is rather a proof of human imperfection, than of culpable ignorance or unskillfulness. On the contrary, a single act or omission of his, may evince gross ignorance, and such a deficiency of skill, as will not fail to injure his reputation, and deprive him of general confidence." And, after noticing the cases cited by the defendant's counsel, he examines the words charged to have been spoken by the defendant, and shows that, in their fair import, they impute to the plaintiff, such monstrous and culpable ignorance and mismanagement, that every person of sense and reflection, who should believe the imputations cast upon him, would consider him generally as a man of ignorance and unskillfulness, and unworthy of confidence, and not merely, that there was that want of knowledge or skill which would arise from the common imperfections of humanity. We think, therefore, that no new principle is established, in that case, and that the court meant only to decide that, while words imputing to a physician merely professional ignorance or mismanagement in a particular case, are not actionable in themselves, they become so, if, in addition to that, they convey the charge of general professional ignorance or incompetency.

The declaration in this case, after alleging, that the plaintiff was a practicing physician, and, as such, had been called to,

and visited and prescribed for, Sarah M., states that the words laid were, by the defendant, falsely and maliciously spoken, of and concerning the plaintiff, and his professional treatment in her case, and they must be deemed to have been so spoken. If, however, those words are not in themselves actionable, it is obviously immaterial, that they were spoken falsely and maliciously, since their falsity, or the motive with which they were uttered, would not, in that case, make them slanderous, and there is no averment of any special damage, to render them so. It does not appear, from the declaration, that the words were spoken with any meaning, which was peculiar or different from their ordinary signification. The *innuendo* in the first count does indeed state that, by the expression of the defendant, that the plaintiff's treatment of the person mentioned was rascally, the defendant meant, that the plaintiff's treatment of her was such that, if it had been continued, it would have caused her death prematurely, from the ignorance, corruption and unskillfulness of the plaintiff; and, in the second count, that, by that expression he meant, that the plaintiff was guilty of base, dishonest and vile conduct towards her in his treatment of her, as her physician, and that the plaintiff was a low, vile person, and unworthy of public confidence. But it is well settled, that the meaning of the words laid can not be extended by the *innuendo*, the office of which is merely explanatory of those words. Looking then, as we must, at the words laid in the first count, in their ordinary signification, we are of opinion, that it appears, that they were spoken only with reference to the particular case in which it is stated the plaintiff was employed, and that they do not necessarily, naturally or fairly, impute to him general ignorance or unskillfulness, or corruption, or a want of integrity, either generally or in the treatment of that case. But for the last expression of the defendant, that the plaintiff's treatment of the said Sarah M. was rascally, it would not be susceptible of a doubt, that the words laid conveyed no imputation on the plaintiff, not

compatible with his being a practitioner of skill and learning generally, and perfect integrity. That expression, as connected with the previous words, certainly implies, that there was mismanagement of some kind, on the part of the plaintiff, in the treatment of that case. But it does not appear, from the language used, or any averment in the declaration, what constituted that mismanagement, or whether it consisted of negligence or inattention to his patient, in that case, or of some other conduct, which would indicate a want of integrity or general capacity. If the words spoken imputed to the plaintiff the former only, they would not, in our opinion, be slanderous; and we do not think that we should be warranted in giving them a more extended meaning. With respect to the second count, the words laid therein consist merely of the single expression above recited; and the considerations to which we have adverted, in regard to that expression, as constituting a part of the words laid in the first count, are applicable to this count, and show that the words laid in it are not in themselves slanderous.

The declaration being insufficient, it is unnecessary to consider the questions arising on the motion for a new trial.

The superior court is advised, that the judgment should be arrested.

In this opinion the other judges concurred, except WAITE, J., who was absent, and ELLSWORTH, J., who tried the cause in the court below, and was disqualified.

Judgment arrested.