[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 116)
This is an action brought by Kenya Lanier for personal injuries she allegedly sustained in an automobile accident. By way of a three count complaint dated March 19, 1991, plaintiff brought suit against the following defendants: Jennifer Jones, as the operator of the motor vehicle Charles Hagwood, as the individual who gave permission to Jones to use and operate the vehicle and Juanita Wright, as the owner of the vehicle.
Plaintiff alleges in her complaint that she was a passenger in a motor vehicle driven by Jones, and that Jones lost control of the vehicle causing an accident in which plaintiff sustained injuries. Plaintiff further alleges that Jones was operating the motor vehicle "with the permission and authority of defendant, Charles Hagwood" and that Hapwood had been given custody, control and permission" to use the vehicle by its owner Wright. (Plaintiff's Complaint, dated March 19, 1991.)
On February 9, 1993, defendant, Hagwood filed a motion for summary judgment requesting this court to enter judgment in his favor as to the issue of liability. In his motion for summary judgment, Hagwood attacks the legal sufficiency of plaintiff's complaint on the grounds that plaintiff has failed to allege the existence of any legal duty owed to the plaintiff by Hagwood.
A motion for summary judgment may be used to attack the legal sufficiency of a pleading, although a motion to strike is the customary procedure. Meyer v. Valley Forge Insurance Co.,3 Conn. L. Rptr. 456 (April 11, 1991, Maiocco, J.); see Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 408-409, 279 A.2d 540
(1991). When testing the legal sufficiency of a pleading on a motion to strike, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651, 654, CT Page 4019542 A.2d 752 (1988). Because defendant, Hagwood, is attacking the legal sufficiency of plaintiff's complaint, the defendant's motion for summary judgment is similar to a motion to strike, and thus, this court must view the facts broadly to see if any cause of action may be inferred from the pleadings.
In the present action, plaintiff alleges in her complaint that "Jones was operating the motor vehicle with the permission and authority of defendant, Charles Hagwood." (Plaintiff's Complaint, dated March 19, 1991.) Hence, an agency relationship may be inferred from the pleadings. Accordingly, the motion for summary judgment is denied as "the existence or nonexistence of an agency relationship is ordinarily one of fact to be determined by the trier of fact." McLaughlin v. Chicken Delight, Inc., 164 Conn. 317, 323, 321 A.2d 462 (1973).
BALLEN, JUDGE