[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10257
The plaintiff, Reverend Philip J. Cascia, (Cascia) a Catholic priest, has filed a complaint alleging that the defendant, Cook Inlet Communications Corp., the owner and operator of WTNH-TV Channel 8, (Channel 8) New Haven, broadcast false and libelous statements concerning the plaintiff in its news broadcasts.
The plaintiff had alleged, among other causes of action, that these false statements constituted CUTPA (Connecticut Unfair Trade Practices Act) violations. The plaintiff alleges that the defendant's broadcast stated that the plaintiff was a subject in an FBI probe; that the plaintiff may have been forced into taking Waterbury Mayor Joseph Santopietro to China in return for a beneficial land deal to come; may be involved in kickbacks; and that the plaintiff was involved in the FBI case. Plaintiff alleges that he sought to have the broadcasts retracted, but this request was denied by the defendant. The plaintiff alleges that he has suffered public ridicule, humiliation, emotional pain and distress, degradation to this character, and seriously injured his ability to perform his pastoral duties and his vocation as a Catholic priest as a result of Channel Eight's publications with reckless disregard for the truthfulness.
The defendant has filed a motion to strike the CUTPA claim because it does not allege a claim upon which relief can be granted under CUTPA. (General Statutes 42-110a et seq.) See Zeller v. Mark, 14 Conn. App. 651, 654.
The defendant, in essence, argues that negligence or tort standing alone does not amount to an unjustified consumer injury and CUTPA does not apply to news broadcasts. The plaintiff argues that television stations have not been expressly excluded from CUTPA and that Connecticut General Statutes 42-110c(a)(2) only exempts:
 acts done by the publisher, owner, agent or employee of a newspaper, periodical or radio or television station in the publication or dissemination of an advertisement, where the publisher, owner, agent or employee did not have knowledge of the false, misleading, unfair or deceptive character of the CT Page 10258 advertisement, and did not have direct financial interest in the sale or distribution of the advertised product of service.
The plaintiff further argues that the legislature considered the status of television stations under CUTPA and did not exempt broadcasts from CUTPA and that television stations are engaged in trade or commerce as they compete for ratings to generate advertisers which produce revenues. Therefore, the plaintiff contends, the higher the ratings, the higher the revenues, and television stations attempt to lure viewers to its station by "news exclusives" to accomplish this objective.
In Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,254, the court stated:
 In determining whether a practice violates CUTPA we use the following criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."
As pointed out, the injury must be to "consumers, competitors or other businessmen." As was said in Heslin v. Connecticut Law Clinic, 190 Conn. 510, at 521 CUTPA was a properly exercise of legislative power, as a means of protecting consumers and prohibiting unfair trade practices. At page 525 of the Heslin case our Supreme Court noted that CUTPA emphasizes prevention of injury to the consumer.
Nowhere in count five does the plaintiff claim to be injured as a consumer, competitor or other businessman or may such be inferred from the complaint.
CUTPA covers prohibited acts in the conduct of any "trade" or "commerce". Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 354. These terms are defined by42-110a(4) General Statutes. These terms mean "the advertising, the sale or rent or lease, the offering for sale or CT Page 10259 rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other vehicle, commodity or thing of value in this state".
These terms do not embrace the defamatory acts alleged in this complaint.
See Sunshine Sportswear Electronics Inc. v. WSOC Television Inc., (D.C. S. Carolina No. 86-3207-0, July 27, 1989) 16 Med. L. Reptr. 2273, 2276-2277.
The relationship here alleged is not between a consumer and a commercial vendor but between a person named in a telecast and the media. There is no allegation in the complaint that Channel 8 advertised, sold, leased or distributed any services or property to Cascia. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660,669-671. See Beneujee v. Robert, 641 F. Sup. 1093
(D.C. Conn. 1986).
Absent such allegations, CUTPA does not apply to the plaintiff's claims and the Motion to Strike Count Five must be and is granted.
McGill McGill for plaintiff.
Alan Neigher Hurwitz Sagarin for defendants.