[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
Plaintiff's motion to strike defendant's second special defense was denied on November 1, 1993 for the reasons which follow.
"We have consistently construed [14-154a] `as imposing on one CT Page 10414 who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental.'" (citations omitted). Gionfriddo v. Avis, 192 Conn. 280, 284 (1984). Defendant's second special defense claims that defendant Twigg was not in lawful possession of the vehicle in question, pursuant to the terms of the contract of rental, at the time of the accident. In passing upon the motion to strike, the court is obliged to assume the truth of the allegations contained in the defendant's special defense. Ivey, Barnam O'Mara v. Indian Harbor Prop., Inc., 190 Conn. 528, 530 (1983). The court must construe the defendant's special defense in the manner most favorable to the pleader. Blancato v. Feldspar Inc., 203 Conn. 34,36 (1987).
Plaintiff's motion to strike paragraph e of defendant's first special defense was denied on November 1, 1993 for the reasons which follow.
In passing on a motion to strike, the court must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them. Zeller v. Mark, 14 Conn. App. 651, 654 (1988). The allegations of defendant's first special defense, read as a whole, claim that plaintiff was contributorily negligent. Defendant's first special defense alleges sufficient specific circumstances for a jury to reasonably find that plaintiff's behavior was negligent and that his acts or omissions were the proximate cause of his injuries.
Robert A. Martin, Judge