[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTION TO STRIKE (#105)
Before the court is the defendant's motion to strike the first and third counts of the plaintiff's complaint.
As to the first count, it is the plaintiff's claim that she was wrongfully discharged by her employer-defendant, Sarah Tuxis Residential Services, Inc., in retaliation for reporting to the fire marshal and to the Department of Mental Retardation safety code violations at the home of a disabled client of the Residential Services agency.
As to the third count, the plaintiff alleges liability of the defendant for slanderous statements made by its supervisors and/or agents to the defendant's board of directors, which statements, it is claimed, accused the plaintiff of abuse and neglect of the disabled client, in effect, by failing to have a smoke detector installed.
"The purpose of a motion to strike is to contest . . .the legal sufficiency of the allegations of any complaint . . .to state a claim on which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint [and] must construe the facts . . . most favorably to the plaintiff." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15 (1992).
1. First Count (Wrongful Discharge)
Since the 1980 Sheets case this state has recognized an at will employee's common law cause of action in tort for wrongful discharge "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheetsv. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980). The burden is upon the employee to plead and to prove that his dismissal occurred for reasons violative of public policy. MorrisCT Page 5370-CCCCCv. Hartford Courant Co., 200 Conn. 676, 679 (1986). In that connection the Sheets court determined that "where an employee alleged that he had been discharged in retaliation for his insistence that his employer comply with the requirements of the state Food, Drug and Cosmetics Act," he had [sustained his burden]." Sheets v. Teddy's Frosted Foods, Inc., supra 480.
The court finds that the instant plaintiff has alleged a similar (to Sheets) type retaliatory discharge and that her pleading establishes a valid basis for a wrongful discharge claim recognized in common law.
The court rejects the defendant's contention that common law claims for wrongful discharge based on "whistle blowing" have been preempted by Sec. 31-51m of our General Statutes. While clearly, in that context, a statutory cause of action is created, "[the statute] contains no language which expresses the intent of the legislature to make [it] an exclusive remedy for wrongful discharge." Weeks v. Office of Urban Affairs, 12 Conn. L. Rptr., 388, 390 (1994). On the contrary, the presumption that the legislature does not intend to eliminate a common law cause "can be overcome only if the legislative intent is clearly and plainly expressed." Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 290
(1993). It is not clearly and plainly expressed, and the common law cause of action survives.
2. Third Count (Slander per se)
Slander is defined as an oral defamation of character. Milesv. Perry, 11 Conn. App. 584, 601 n. 11 (1987). It becomes actionable per se "if the slanderous utterance charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." Moriarty v. Lippe,162 Conn. 371, 384 (1972). It rises to the same level if it charges "a crime involving moral turpitude or to which an infamous penalty is attached." Miles v. Perry, supra 602.
It is important to note that if the spoken words charge no more than specific acts, they are not deemed to be slanderous per se, "unless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity." Protov. Bridgeport Herald Corporation, 136 Conn. 557, 567 (1950);Zeller v. Mark, 14 Conn. App. 651, 655 (1988). Here, the plaintiff alleges that she was accused of failing to have a smoke CT Page 5370-DDDDD detector installed.
Clearly, the claimed slander charged nothing more than a specific act or failure to act. It is the court's finding that such utterance is not sufficient to constitute an allegation of general incompetence or lack of integrity; and, needless to say, there is no basis for equating such act or inaction with a crime of moral turpitude or involving an infamous penalty. In short, the plaintiff's allegations fail to support a cause of action for slander per se.
Even if the spoken words are not actionable per se, albeit defamatory, the plaintiff may still recover general damages for harm to her reputation. This is allowed when there is proof of special damages for actual pecuniary loss suffered. Miles v.Perry, supra 602.
In her complaint the plaintiff as general damages alleges that she suffered embarrassment and humiliation. Additionally, it is her claim (para. 30) that, as a result, she has been "unable to obtain employment in the field of working with the disabled." It is the court's finding that the suffering claimed and the consequence thereof "constitute a sufficient basis to infer that special damages have been sustained.
The defendant further asserts that the plaintiff's complaint fails to allege "that the statements made by the defendant concerning the plaintiff to its board of directors were unprivileged publications to a third party." The defendant's contention ignores the principle that "[p]rivilege is an affirmative defense in a defamation action and must therefore be specifically pleaded by the defendant." Id. 594 n. 8. In short, the burden of proof rests clearly with the defendant; Monczportv. Csongradi, 102 Conn. 448, 451 (1925); Miles v. Perry, supra 595; and the issue is not one which should be decided by a motion to strike.
The motion to strike the first count, insofar as it alleges that Sec. 31-51m of the General Statutes is the plaintiff's exclusive remedy and that the allegations fail to state a legally sufficient cause of action based on common law, is denied.
The motion to strike the third count, only insofar as it is claimed that the allegations thereof set forth a cause of action for slander that is actionable per se, is granted. CT Page 5370-EEEEE
Gaffney, J.