[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 30, 1997
This action arises from an incident which allegedly occurred on December 14, 1997 at Edward's Food Store in West Hartford between the pro se plaintiff, a former teacher for the West Hartford Schools, and the defendant, Natalie Schulman, an administrator with the West Hartford Schools. The plaintiff claims that Ms. Schulman rammed her with a grocery cart.
The First Count of the Fourth Revised Complaint dated April 12. 1996 claims assault and battery. In the Second Count the plaintiff alleges slander. The alleged slanderous statements were made by Ms. Schulman to a police officer who questioned Ms. Schulman as a result of a complaint about the incident made by the plaintiff. The defendant, Natalie Schulman has moved for summary judgment on the Second Count of the Complaint.
The statements about which the plaintiff complains are contained in a police incident report and are as follows:
 . . . about 7 years ago Searles was a teacher at King Philip School. Schulman was the school vice-principal at the time and Searles had to be terminated due to medical reasons. Schulman was a part of the termination process.
 Schulman noticed that Searles didn't have a shopping cart and it appeared that she wasn't shopping . . .Schulman said she is worried that Searles may have been stalking her . . .
 Searles quickly moved at Schulman bumping into her. Schulman described it as a body check. Schulman grabbed Searles' CT Page 6874 arm and quietly told her that she should leave . . . Searles was loud and boisterous (sic) . . . Schulman related that . . . Searles caused a disturbance and the police were called to remove her . . .
 Searles had a shopping cart with groceries when the writer spoke to her at Edwards on 12-14-94. The writer asked Schulman to keep a log regarding her future involvement with Searles.
The defendant Schulman argues that the statements at issue were not defamatory, that the plaintiff has not alleged special damages and that the statements were absolutely privileged.
Since the plaintiff has not alleged any special damages as a result of the alleged slander, then in order to withstand a motion for summary judgment, the court must find that the Second Count alleges slander per se. Zeller v. Mark, 14 Conn. App. 651542 A.2d 752 (1988); Moriarty v. Lippe, 162 Conn. 371, 382-83,294 A.2d 326 (1972). Slander is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business.Moriarty v. Lippe, supra, 384; see also Miles v. Perry,11 Conn. App. 584, 602, 529 A.2d 199 (1987). Spoken words are not slanderous per se if they charge no more than specific acts, unless those acts are so charged as to amount to an allegation of general incompetence or lack of integrity. Proto v.Bridgeport-Herald Corporation, 136 Conn. 557, 567, 72 A.2d 820 (1950).
The court finds that the alleged statements do not constitute slander per se. The plaintiff has alleged no damages and she has not addressed the issue of damages in her Memorandum in Opposition to Summary Judgment. Therefore, the defendant Schulman is entitled to summary judgment on the Second Count of the Complaint.
The defendant claims that her statements to the police officer enjoyed an absolute privilege of the type recognized inPetyan v. Ellis, 200 Conn. 243, 245-46 510 A.2d 1337 (1986). InPetyan the Court found allegedly defamatory statements made in a "fact-finding supplement form" completed at the request of the State Labor Department in connection with an unemployment compensation claim were absolutely privileged as a necessary stop in a quasi judicial proceeding. CT Page 6875
The defendant has presented no case law in which it has been held that a statement to a police officer is a necessary step in a judicial or quasi judicial proceeding. There is a difference between responding to the questions of a court or administrative agency in the course of a judicial or quasi judicial proceeding and responding to the questions of a police officer who is investigating a complaint. Therefore, this court cannot accept the defendant s argument that the statements enjoyed an absolute privilege. Rather, the defendant enjoyed a qualified privilege of the kind referred to in Miles v. Perry, 11 Conn. App. 584,594-95, 529 A.2d 199 (1987). The defendant has not presented sufficient evidence to permit the court to conclude that such a privilege existed in this case. Therefore, such a privilege is not a basis of this ruling.
For the foregoing reasons, summary judgment may enter in favor of the defendant, Natalie Schulman, on the Second Count of the Fourth Revised Complaint dated April 12, 1996.
AURIGEMMA, J.