[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on defendant, ITT Hartford Group's, Motion to Strike counts one through five of the CT Page 658 plaintiff's substituted complaint and the defendant, Health Direct, Inc.'s Motion to strike counts six through ten of the substituted complaint. Both defendants assert that plaintiff's claims are barred by the exclusivity provision of the Workers' Compensation Act.
On September 14, 1998, June Spencer (hereinafter the "plaintiff") filed a substituted complaint (#129) against Health Direct, Inc., and ITT Hartford Group, Inc. (hereinafter the "defendants") alleging damages for the wrongful delay and discontinuation of payment of workers' compensation benefits.
According to the allegations in her substituted complaint, on August 17, 1993, the plaintiff suffered injuries arising out of and in the course of her employment. The plaintiff further alleges: (1) the defendant ITT Hartford Group, Inc., provided workers' compensation insurance for the plaintiff's employer, and the defendant Health Direct, Inc., managed ITT Hartford Group's policies; (2) the plaintiff filed a claim for workers' compensation, which was not contested in a timely manner. The plaintiff also states that, in accordance with the Workers' Compensation Act (hereinafter the "WCA"), the plaintiff was entitled to workers' compensation benefits under her employer's policy with the defendants, and the defendants were obligated to pay her benefits. Further, the Worker's Compensation Commission (hereinafter the "commissioner") accepted the compensability of the plaintiff's claim and ordered the defendants to pay compensation benefits to the plaintiff and on April 10, 1996, the commissioner approved a voluntary agreement entered into between the parties which accepted the compensability of the plaintiff's claim and the payment of benefits in accordance with General Statutes § 31-296. The plaintiff continues that the defendants have, since the date of the plaintiff's injury: (i) repeatedly refused and delayed authorization for the plaintiff's medical treatment; (ii) authorized consultations and treatment for the plaintiff with unauthorized contract physicians; and (iii) failed to reimburse the plaintiff's costs for treatment with non-group contract physicians.
The plaintiff further claims to have suffered physical, emotional and economic damages, and asserts five counts as to each defendant in her substituted complaint for violations of the Connecticut Unfair Trade Practices Act (CUTPA), the Connecticut Unfair Insurance Practices Act (CUIPA), recklessly indifferent or intentional and wanton behavior as applied to CUTPA, and CT Page 659 intentional and negligent infliction of emotional distress.
On October 20 and 21, 1998, the defendants each filed a motion to strike all five counts asserted against them respectively, and adopted each other's arguments. The plaintiff filed an objection to the defendants' motions on November 10, 1998. On November 13, 1998, the defendant ITT Hartford Group, Inc., filed a reply memorandum. The court heard oral argument at short calendar on November 16, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "[The motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachosv. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); see alsoNovametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998). "It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988).
As to all counts in the substituted complaint, the defendants assert three grounds for granting the motion to strike. The first ground is that the WCA provides the plaintiff's exclusive remedy for her claims. The second ground is that the plaintiff failed to exhaust all available administrative remedies. The third ground asserts that the plaintiff failed to allege that the defendants CT Page 660 failed to pay for treatment or medications after the commissioner ordered that they were obligated to do so. As alternative grounds, the defendants argue that the plaintiff's allegations for each count fail to state a claim upon which relief can be granted. Since the first ground is dispositive of all other grounds, the court concludes that it need only address whether the plaintiff's claims are barred by the exclusivity provision of the WCA.
The defendants argue that claims against workers' compensation carriers, and their agents, for their alleged unreasonable delay and discontinuation of payment of compensation benefits are exclusively governed by provisions of the WCA. That is, the plaintiff's claims for consequential damages resulting from the defendants' alleged intentional and wrongful conduct in the payment of compensation benefits, the defendants argue, are exclusively compensable through the WCA. The defendants correctly point out that the appellate courts have not spoken on this issue, but note that there is a split of authority among the superior courts.
Recognizing a split among the superior courts, the plaintiff argues that the majority of the superior courts have recognized and allowed claims against workers' compensation carriers for their intentional and wrongful delay in handling claims. The plaintiff also points to the plain statutory language of §31-284(a), which states that only employers are immune from personal injury lawsuits, not insurers for their mishandling of the claim.[1]
Most courts that have addressed this issue have recognized a cause of action against a workers' compensation carrier for their intentional and wrongful mishandling of a claim for compensation benefits which results in consequential damages to the plaintiff. See Hornyak v. Northbrook Property, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 133334 (June 30, 1997, Gill, J.) (19 CONN. L. RPTR. 655); Rotz v. Middlesex Mut.Assurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995) (Hauser, J.) (13 CONN. L. RPTR. 324); Sansone v. Esis Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 327409 (January 4, 1993, Maiocco, J.) (8 CONN. L. RPTR. 171,8 CSCR 248);Viviani v. Powell, Superior Court, judicial district of New Haven at New Haven, Docket No. 384941 (July 15, 1996, Freedman, J.) (17 CONN. L. RPTR. 372); Massa v. American Mut. Ins. Co., Superior Court, CT Page 661 judicial district of Hartford-New Britain at Hartford, Docket No. 308820 (July 1, 1986) (Byrne, J.) (12 C.L.T. No. 32); Us v. ITTHartford Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318814 (June 14, 1995) (Maiocco, J.) (14 CONN. L. RPTR. 333); Carpentino v. Transport Ins. Co., 609 F. Sup. 556,562 (D. Conn. 1985); Hickman v. U.S. Fire Ins. Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 427557 (October 20, 1987) (Spada, J.) (13 C.L.T. 49);Maroon v. Aetna Casualty Surety, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 310291 (October 19, 1987) (Satter, J.) (13 C.L.T. 49). These courts reason that the plain language of § 31-284(a), the "exclusivity" provision, applies only to "employers," and never mentions the word "insurer." See, e.g., Sansone v. Esis, Inc., supra, 8 CONN. L. RPTR. 171, 8 CSCR 249. In addition, these courts note that claims against the compensation carrier for their alleged mishandling of the claim do not arise out of and in the course of employment. That is, the plaintiff's injuries from the carrier's alleged conduct did not occur during a period of employment, at a place of employment, or while the plaintiff was engaged in her duties of employment. See, e.g., Viviani v. Powell, supra, 17 CONN. L. RPTR. 372; Us v. ITT Hartford, supra, 14 CONN. L. RPTR. 333; Rotzv. Middlesex Mut. Assurance Co., supra, 13 CONN. L. RPTR. 324. Moreover, these courts note that § 31-300, the provision which assesses a civil penalty and an award of interest and attorneys fees against an employer or its insurer for any unreasonable delay in the handling or payment of a claim, is simply an inadequate remedy.[2] See, e.g., Massa v. Amer. Mut.Ins. Co. of Boston, supra, 12 C.L.T. No. 32.
Several other trial courts that have addressed this issue, however, refuse to recognize such a cause of action. See Brosnanv. Sacred Heart University, Superior Court, judicial district of Fairfield at Fairfield, Docket No. 333544 (October 21, 1997) (Levin, J.); Stabile v. Southern Conn. Hospital Systems, Superior Court, judicial district of Fairfield and Fairfield, Docket No. 326120 (October 31, 1996) (Levin, J.) (18 CONN. L. RPTR. 157);Ciarleglio v. Fireman's Fund Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 276028 (May 4, 1992) (McGrath, J.). The basis for the opinion of these courts is perhaps best expressed through Judge Levin's detailed and well-reasoned opinion in Brosnan v. Sacred Heart University, supra: "Where the liability and the remedy are created by statute, especially under the comprehensive nature of the Workers' Compensation Act, the remedy provided is exclusive of all CT Page 662 others." Asserting that the remedies available to a plaintiff for an insurer's unreasonable or wrongful handling a claim are not necessarily inadequate under §§ 31-295(c), 31-296, 31-300 and31-303, Judge Levin ruled that the amount of remedies and penalties available to a plaintiff under the WCA is a legislative, not a judicial, decision.
This court feels compelled to adopt Judge Levin's reasoning in Brosnan, supra, because it comports with the legislative intent of the WCA. Section 31-300 of the WCA provides the plaintiff with an exclusive and adequate remedy for the alleged wrongs committed by the defendants. Indeed, "[i]t would be anomalous for the legislature to have vested such discretion in the commissioner [in determining whether insurer unduly and unreasonably delayed compensation payments under § 31-300
while, at the same time, intending that a judge or jury could reach a contrary, inconsistent determination in an action in tort." Brosnan, supra, Superior Court, Docket No. 333544.
Accordingly, this court concludes that the plaintiff, in the present case, has failed to state a cause of action because her claims are barred by the exclusivity provision of the WCA.
The defendants' motion to strike is granted.
Mihalakos, J.