[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, GREENWICH INSURANCE COMPANY'S MOTION TO STRIKE (#117)
On March 2, 1999, the plaintiff, Allan C. Pitts, Sr., d/b/a AC Pitts Trucking, (Pitts) commenced this action alleging, among other things, breach of contract, breach of fiduciary duty, and breach of implied contract against the defendants, Greenwich Insurance Company (Greenwich) and Vincent Carabillo, d/b/a Transportation Insurance Associates (Carabillo). On October 21, 1999, Pitts filed a second amended complaint in seven counts. Subsequently, on November 9, 1999, pursuant to Practice Book § 10-39 et seq., Greenwich filed a motion to strike those counts of the said Second amended complaint that were directed against the said Greenwich on the ground that counts one, two and three of the complaint fail to state a claim upon which relief may be granted.
Pitts alleges that on or about March 10, 1998, through his insurance agent, the defendant, Vincent Carabillo, doing business as Transportation Associates, Pitts renewed a certain policy of insurance issued through the defendant, Greenwich Insurance Company. Pitts alleges that the said insurance policy provided, inter alia, physical damage coverage for a certain 1989 Wesr Tractor and a certain 1990 East trailer unit. On or about October 10, 1998, while engaged in dumping activities, Pitts' 1989 Wesr Tractor and 1990 East trailer overturned and were damaged. Following the October 10, 1998 accident, Pitts alleges that he "made a diligent claim for benefits upon Greenwich." (Second amended complaint, count 1, ¶ 7.) To date Greenwich has not made any payment to Pitts for any loss he incurred as a result of the October 10, 1998 accident.
"A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court CT Page 6054 must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Nonetheless, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988); see Doe v. Yale University, 252 Conn. 641, 667
(2000).
Pitts alleges in the First Count of the Second Amended Complaint that by refusing to provide payment to him for his loss, Greenwich has breached "its contract of insurance." (Count one, ¶ 10.) Greenwich responds that the First Count of the said Complaint must be stricken because Connecticut law provides that a claim for breach of contract must allege the provision(s) of the insurance contract upon which the claim is based and may not merely make general references to the contract at issue. Moreover, Greenwich argues that the said First Count one is merely an allegation of a legal conclusion and, therefore, it is an insufficient basis upon which the court may grant relief.
Practice Book § 10-2 provides in relevant part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove."
There have been a number of trial court decisions addressing issues similar to the issues presented in this matter. In Derring v. ThomasRegional Directory Co., Inc., Superior Court, Judicial District of Hartford, Docket No. 583548 (June 22, 1999, Peck, J.), the defendants argued that because the plaintiff did not specify in her Complaint the amount she claimed was owed to her by the defendant, that the applicable count of the complaint should be stricken. The court, however, held that because the plaintiffs claim for breach of contract specified theapplicable provision of the contract in question, it sufficiently complied with Practice Book §§ 10-1 and 10-2.
In the instant case, Pitts alleges that "the policy provided, inter alia, physical damage coverage for a 1989 West Tractor and a 1990 East trailer." (Count one, ¶ 4.) In his pleading, though, Pitts both fails to provide the specific language from the subject insurance contract and further fails to specify the applicable provision of the insurance contract which gives rise to the claim set forth in the first CT Page 6055 count of the said Complaint. Moreover, the Plaintiff has failed to attach a copy of the contract of insurance to the Complaint so as to allow the Court an opportunity to refer to what the plaintiff may claim is the applicable provision of the policy. By doing so, the Court can do nothing more than speculate as to what provisions of the policy may support the Plaintiff's claim. Accordingly, the motion to strike count one of the Second Amended Complaint is granted.
In the Second Count of the said Second Amended Complaint, Pitts alleges that Greenwich has violated the implied covenant of good faith and fair dealing. As a result of this breach, Pitts alleges that he has suffered the loss of the insurance benefits to which he is entitled, that he has suffered consequential damages, including a loss of business profits and that he has suffered "mental distress and anguish."
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement . . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Gupta v. NewBritain General Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts . . . ." (Citation omitted; internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693
(1988). "The examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." Id.
Greenwich argues, that despite Pitts' claim of a violation of an implied covenant of good faith and fair dealing, that the Second Count of the said Amended Complaint is actually a claim of bad faith insurance practice. This Court agrees with the Defendant's analysis. Prosecuting such a claim requires Pitts to prove that Greenwich "engaged in conduct design[ed] to mislead or to deceive . . . . not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of dishonest purpose or moral obliquity. . . ." (Internal quotation marks omitted.) Chapman v. Norfolk Dedham Fire Ins. Co., 39 Conn. App. 306,320, 665 A.2d 112, cert denied, 235 Conn. 925, 666 A.2d 1185 (1995). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Emphasis added; internal quotation marks omitted.) L.F. Pace Sons, Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 46, 514 A.2d 766, cert denied,201 Conn. 811, 516 A.2d 886 (1986).
To survive a motion to strike such a count, "the plaintiff must allege that the defendant did more than simply deny the plaintiffs claim for CT Page 6056 benefits. . . ." (Citation omitted; internal quotation marks omitted.)Mynahan v. Prudential Ins. Co. of America, Superior Court, Judicial District of Waterbury, Docket No. 132774 (April 8, 1998, Espinosa, J.). The Second Count alleges no facts to support the claim that Greenwich acted in bad faith or without good faith. It merely repeats the first nine allegations of the First Count and asserts the legal conclusion that the failure to pay the Plaintiffs claim amounts to a violation of the duty of good faith and fair dealing. Such allegations are insufficient and do not properly state a cause upon which relief can be granted. The Motion to Strike the Second Count is accordingly granted.
In the Third Count of the said Amended Complaint, Pitts alleges that "acts [of the defendant were] performed with reckless indifference to the rights of Pitts." (Complaint, count three, ¶ 13.) Pitts alleges that while Greenwich argues that the insurance coverage on Pitts' 1989 Wesr Tractor was canceled on September 3, 1998, Greenwich did not provide notice of cancellation to him prior to his loss. Instead, Greenwich issued a notice of cancellation for the 1989 West tractor dated November 10, 1998, with an effective date of cancellation of November 26, 1998.
Greenwich correctly argues that the Third Count should be stricken because Connecticut's appellate courts have not recognized "reckless indifference" as a ground for a separate cause of action. Greenwich argues that reckless indifference has only been recognized as either an element to be proven in a tort claim or in criminal law as a mens rea required to prove criminal charges.
Our Appellate Court has considered the concept of reckless indifference when determining punitive damage claims. "[P]unitive damages are available when there is evidence of a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . (Citations omitted; internal quotation marks omitted.)Lawson v. Whitey's Frame Shop, 42 Conn. App. 599, 608, 682 A.2d 1016
(1996). "Elements of tort such as wanton or malicious injury or reckless indifference to the interests of others giving a tortious overtone to a breach of contract action justify an award of punitive or exemplary damages." (Citation omitted; emphasis omitted.) Radie v. Konica BusinessMachines USA, Inc., Superior Court, judicial district of Hartford, Docket No. 548110, (November 9, 1995, Corradino, J.) This court then considers reckless indifference as an element of a cause rather than a cause of action unto itself.
Finally, Greenwich argues that should the court allow Pitts' Third Count to stand, Pitts has failed to allege sufficient facts to support a claim for reckless indifference. Even if reckless indifference were a CT Page 6057 permissible cause of action, merely alleging that Greenwich's refusal to pay Pitts' claim is "outrageous" and an act "performed with reckless indifference to the rights of Pitts" would be insufficient. To sustain a claim of common law recklessness, a plaintiff must allege facts that show that a defendant made "a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." (Citation omitted; internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). The plaintiff has failed to do so in this case and accordingly, this court, strikes the Third Count of the said Second Amended Complaint as well.
The Motion to Strike Counts One, Two and Three and the Third Prayer for Relief of the Amended Complaint is granted.
CARROLL, J.