[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, VINCENT CARABILLO'S MOTION TO STRIKE (#120)
On March 2, 1999, the plaintiff, Allan C. Pitts, Sr., d/b/a AC Pitts Trucking (Pitts), commenced an action for, inter alia, breach of contract, breach of fiduciary duty, and breach of implied contract against the defendants Greenwich Insurance Company (Greenwich) and Vincent Carabillo, d/b/a Transportation Insurance Associates (Carabillo). On October 21, 1999, Pitts filed a second amended complaint in seven counts. Subsequently, on December 7, 1999, pursuant to Practice Book § 10-39 et seq., Carabillo filed a motion to strike on the ground that counts four through seven of the complaint fail to state a claim upon which relief may be granted.[1]
Pitts alleges that on or about March 10, 1998, he renewed an insurance policy through his insurance agent, Vincent Carabillo. Pitts alleges that the policy provided, inter alia, coverage for a 1989 Wesr tractor[2]
and a 1990 East trailer. On or about October 10, 1998, Pitts' 1989 Wesr tractor and 1990 East trailer overturned while Pitts was working in Brookfield, Connecticut and were damaged. Following the October 10, 1998 accident, Pitts alleges that he "made a diligent claim for benefits upon Greenwich." (Second amended complaint, count 1, ¶ 7.) Pitts alleges, however, that prior to the aforementioned accident Carabillo wrongfully canceled the insurance on Pitts' 1989 Wesrern Star tractor on September 3, 1998. Pitts alleges that Carabillo's failure to maintain the insurance coverage on the 1989 Wesrern Star tractor was negligent and as a result Pitts has suffered the loss of insurance benefits, loss of profits and has endured and continues to endure mental distress and anguish.
"A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Nonetheless, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988); see Doe v. Yale University, 252 Conn. 641, 667
(2000).