[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The defendant's motion to strike the second count of the plaintiff's complaint alleges that the plaintiff's allegations in the second count are grounded in negligence and are lacking in any material allegations supporting the plaintiff's claim for wilful, wanton and reckless conduct.
The complaint alleges that the plaintiff sustained injuries and damages as a result of a motor vehicle collision involving the co-defendant Gonzalez, on or about January 21, 1999. The complaint further alleges that said co-defendant Gonzalez was negligent and reckless in the operator of his vehicle, thereby proximately causing plaintiff's harm.
With respect to the defendant, Changes Café, the first count of the complaint is brought pursuant to the Dram Shop Act,Connecticut General Statutes § 30-102. The second count of the complaint seeks recovery against defendant, Changes Café for the wilful, wanton and reckless sale of alcohol to the co-defendant Gonzalez.
The purpose of a motion to strike is to contest the legal CT Page 4155 sufficiency of the allegations of any complaint. . . . to state a claim upon which relief can be granted . . ." Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270 (1998). In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings; Rowe v. Godou, 209 Conn. 273, 278 (1988); which assumes the truth of the facts alleged and construes them in a light most favorable to sustaining the sufficiency of the complaint. Bouchard v. Peoples Bank, 219 Conn. 465, 467 (1991);Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378
(1997). "if the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B.v. Ment, 244 Conn. 296, 308 (1998). "In passing on a motion to strike based upon a claim of failure to state a cause of action, [the court] must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to their allegations, but also including the facts necessarily implied by and fairly probable under them." Zeller v. Mark,14 Conn. App. 651, 654 (1988)
It is well established that there is a substantial difference between negligence and the reckless disregard of the rights or safety of others. Dumond v. Denehy, 145 Conn. 88, 91 (1958);Warner v. Leslie-Elliott Constructor, Inc., 194 Conn. 129,138 (1984). Wilful, wanton or reckless conduct ". . . . must be more than any mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." W. Prosser W. Keeton,Torts (5th Ed.) § 34, p. 214.
Because negligence and reckless or wanton misconduct are distinct causes of action, a "complaint should employ language explicit enough to inform the court and opposing counsel that wilful or malicious conduct is being asserted." Warner v. Leslie ElliottConstructors, Inc., supra. "The more use of words 'reckless' and 'wanton' is insufficient to raise an actionable claim for reckless and wanton misconduct." Use of the words "intentionally and knowingly" are not sufficient to support a claim for wanton or reckless behavior. Brown v. Town of Branford,12 Conn. App. 106, 110 (1987)
A pleading, in order to state a cause of action of recklessness, must contain allegations indicating that the defendant made a "conscious choice of a course of action either with the knowledge of the serious danger to others involved in it, or with knowledge of facts which would disclose a danger to any reasonable man. . . . CT Page 4156 than that which is necessary to make his conduct negligent."Bishop v. Kelly, 206 Conn. 608, 614 (1988) Dubay v. Irish,207 Conn. 518, 532 (1988).
"Reckless conduct tends to take on the aspect of highly unreasonable conduct involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."Dubay v. Irish, supra at 533.
The plaintiff has specifically alleged that the defendant's conduct was reckless and/or wanton in one or more of the following ways: that it repeatedly served alcoholic beverages to an obviously intoxicated person (Gonzalez); that it knew or should have known an intoxicated person would be driving a motor vehicle when he left the defendant's premises; that it allowed an intoxicated person to leave its premises when the defendant knew or should have known the risk of danger the person presented to others, including the plaintiff; in that the defendant hired bartenders who were not competent to detect an intoxicated person, or to stop serving liquor to an intoxicated person; and in that the defendant did not have the proper personnel or staff to insure that an intoxicated person would not leave the premises unnoticed.
The second count of the complaint when viewed in a light most favorable to the plaintiff, does with specificity set forth the manner in which the defendant was more than merely negligent. The complaint does employ language explicit enough to inform the court and opposing counsel that wilful, wanton and/or reckless conduct is being asserted.
The defendant further argues that because at common law there was no cause of action for the negligent sale of alcohol to another, the Dram Shop Act, Connecticut General Statutes, § 30-12, should be the plaintiff's sole remedy. The Connecticut Supreme Court in Kowal v. Hofher, 181 Conn. 355, 362, held that an individual who furnishes intoxicating liquor to another, who, thereby voluntarily becomes intoxicated and causes injuries to persons or property, may be held liable not only under the provisions of the Dram Shop Act, Connecticut GeneralStatutes, § 30-12, but may also be held liable for the injurious consequences of his wanton or reckless conduct in furnishing alcoholic beverages to another.
Accordingly, the defendant's motion to strike the second count of CT Page 4157 the plaintiff's complaint is denied.
THE COURT
ARNOLD, J.